**CT Corporation**

## Service of Process Transmittal
03/30/2009
CT Log Number 514650871

**TO:**   Jean Mercer
Smith & Nephew, Inc.
1450 East Brooks Road
Memphis, TN 38116

**RE:**   **Process Served in Texas**

**FOR:**   Smith & Nephew, Inc. (Domestic State: DE)

**Smith & Nephew, Inc.**
**Legal Department - Litigation Group**

**APR - 1 2009**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jose Jimenez, Pltf. vs. Smith & Nephew, PLC and Smith & Nephew, Inc., Dfts. // To: Smith & Nephew, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Notice Form, Complaint, Demand and Request |
| **COURT/AGENCY:** | Fifth Judicial District Court, County of Lea, NM<br>Case # CV2009103S |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Personal injuries sustained on or about 6/28/06 for defective knee implant-prosthetic device and component parts |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/30/2009 at 12:00 |
| **APPEARANCE OR ANSWER DUE:** | 30 days after service of this summons |
| **ATTORNEY(S) / SENDER(S):** | Charles R. Houssier, III<br>Houssierre, Durant, Houssiere<br>1990 Post Oak Boulevard<br>Houston, TX 77056<br>713-626-3700 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 792790351198 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>Beatrice Casarez<br>350 North St Paul Street<br>Suite 2900<br>Dallas, TX 75201<br>214-932-3601 |

4/2/09 cc: SJ, LP, Glassner
Risk Mgmt
Regulatory Compliance

Page 1 of  1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT

3/30/09
12:00 PM
J.A.

JOSE JIMENEZ                              )
                                          )
vs.                                       )        NO.  CV 2009-103 S
                                          )
SMITH & NEPHEW, PLC and                   )
SMITH & NEPHEW, INC.                      )

## SUMMONS
## THE STATE OF NEW MEXICO

TO:    SMITH & NEPHEW, INC, by and through its registered agent for service, CT
       Corporation System, 350 N. St. Paul, Dallas, Texas 75201

Greetings:

       You are hereby directed to serve a pleading or motion in response to the
complaint within thirty (30) days after service of this summons, and file the same, all as
provided by law.

       You are notified that, unless you so serve and file a responsive pleading or
motion, the Plaintiff will apply to the court for the relief demanded in the above
complaint.

Attorney or attorneys for Plaintiff:    **Juan V. Silva**
                                        New Mexico Bar No. 11906

Address of attorneys for Plaintiff:     **c/o Charles R. Houssiere, III**
                                        **HOUSSIERE, DURANT, HOUSSIERE**
                                        **1990 Post Oak Boulevard, Houston, TX 77056**

       WITNESS the Honorable ___William G. W. Shoobridge___, District Judge of the
Fifth Judicial District Court of the State of New Mexico, and the seal of the District Court
of Lea County, this __day of _____, 2009

        13th    February

                                                        _____
                                                        Clerk

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT

JOSE JIMENEZ                                )
                                            )
vs.                                         )      NO. _CV- 2009- 103 S_
                                            )
                                            )
SMITH & NEPHEW, PLC and                     )
SMITH & NEPHEW, INC.                        )

## NOTICE

TO:   SMITH & NEPHEW, INC, by and through CT Corporation System, 350 N. St.
      Paul, Dallas, Texas 75201

      The enclosed Summons and Complaint are served pursuant to Paragraph E of
Rule 1-004 of the New Mexico Rules of Civil Procedure.

      You must sign and date the receipt. If you are served on behalf of a corporation,
unincorporated association (including a partnership) or other entity, you must indicate
under your signature your relationship to that entity. If you are served on behalf of
another person and you are authorized to receive process, you must indicate under your
signature your position or title.

      If you do not complete and return the form to the sender within twenty (20) days,
you (or the party on whose behalf you are being served) may be required to pay any
expenses incurred in serving a summons and complaint in any other manner permitted by
law.

      If you do complete and return this form, you (or the party on whose behalf you
are being served) must answer the complaint within thirty (30) days of the date upon
which this notice was mailed, which appears below. If you fail to do so, judgment by
default may be taken against you for the relief demanded in the complaint.

      I declare, under penalty of perjury, that this Notice and Receipt of Summons and
Complaint was mailed on _____.

Date of signature _____

                              _____
                              CT CORPORATION SYSTEM

                              By:_____
                                  (printed name and title)

ENDORSED COPY:
ORG. FILED DIST. COURT

FEB 13 2009

JANIE G. HERNANDEZ, CLERK

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT

JOSE JIMENEZ                          )
                                      )
vs.                                   )     NO. _CU2009-103 S_
                                      )
SMITH & NEPHEW, PLC; and              )
SMITH & NEPHEW, INC.                  )

## COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY AND REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOSE JIMENEZ, Plaintiff herein, complaining of SMITH & NEPHEW, PLC and SMITH & NEPHEW, INC. Defendants herein, and for cause of action says:

### Jurisdiction

This Court has specific jurisdiction over the case at bar because the events made the basis of Plaintiffs' claims occurred in Hobbs, NM and arose out of Defendants' contacts with New Mexico, particularly, the product was marketed and sold in Hobbs, NM.

This Court also has general jurisdiction over the case at bar because Defendants maintained sufficient minimum contacts with New Mexico such that the exercise of jurisdiction over such Defendant would not offend traditional notions of fair play and substantial justice.

### Venue

This Court has venue over the case at bar because all or a substantial part of the

events, acts or omissions giving rise to Plaintiffs' claims occurred in Hobbs, NM.

## Parties

1.      JOSE JIMENEZ ("Plaintiff") is, and at all times material hereto was a resident of Hobbs, NM.

2.      DEFENDANT SMITH & NEPHEW, PLC ("PLC") is, and at all times material hereto was, a corporation organized under the laws of England.  PLC may be served under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at the Hague (the "Hague Convention") by serving John Buchanan, Chairman of the Board, at Smith & Nephew PLC, 15 Adam Street, London, WC2N 6LA, UK.

3.      DEFENDANT SMITH & NEPHEW, INC. ("INC") is, and at all times material hereto was, a corporation organized under the laws of the State of Delaware; and may be served with process by serving its registered agent for service, CT Corporation System, at 350 N. St. Paul, Dallas, Texas 75201.

4.      DEFENDANTS SMITH & NEPHEW, PLC and SMITH & NEPHEW, INC. shall hereinafter, jointly and severally, be referred to as "Smith & Nephew" or "Defendant."

## Statement of Facts Applicable to All Counts

5.      On April 2, 2003 , Plaintiff JOSE JIMENEZ had a total left knee arthroplasty performed at Lea Regional Medical Center in Hobbs, NM.  Surgeon John Harmston, M.D. performed the surgery using prosthetic devices and component parts designed, manufactured and marketed by Defendant, herein referred to as "the prosthetic

device and component parts", and believed to be identified as follows:

| | |
|---|---|
| **Device:** | Smith & Nephew Profix Poly Patellar Component |
| Ref#/Catalog#/Item#: | 71525030 |
| Serial #/Lot #: | 02KM04093 |
| | |
| **Device:** | Smith & Nephew Size 6 Left Porous Profix Femoral Component |
| Ref#/Catalog#/Item#: | 71502260 |
| Serial #/Lot #: | 03AM120469 |
| | |
| **Device:** | Smith & Nephew Size 6 Left Profix Porous Tibial Base |
| Ref#/Catalog#/Item#: | 71504250 |
| Serial#/Lot#: | 02KM02713 |
| | |
| **Device:** | Smith & Nephew Size 5 Left 14 MM Profix Conforming Tibial Insert |
| Ref#Catalog#/Item#: | 71507253 |
| Serial#/Lot#: | 50803291 |
| | |
| **Device:** | Smith & Nephew 18MM Profix Metaphyseal Tibial Stem |
| Ref#/Catalog#/Item#: | 71501010 |
| Serial #/Lot #: | 01005401 |
| | |
| **Device:** | Smith & Nephew 6.5MM Diameter Profix Tibial Screw |
| Ref#/Catalog#/Item#: | 71504350 |
| Serial #/Lot #: | 02FM02078 |
| | |
| **Device:** | Smith & Nephew 6.8MM Diameter Profix Tibial Screw |
| Ref#/Catalog#/Item#: | 71504380 |
| Serial #/Lot #: | 02FM02078 |

6.     On or about June 28, 2006, Mr. Jimenez sought treatment by Dr. Harmston For pain in the left knee. Dr. Harmston took x-rays which revealed loosening of the implant, and recommended immediate surgery to remove and replace the defective

prosthetic device and component parts.   It was at this time that Mr. Jimenez discovered that his knee pain was actually caused by a defective prosthetic device and component parts.   After making arrangements for the surgery, on July 6, 2006, Mr. Jimenez underwent a left knee revision arthroplasty under Dr. Harmston at Lea Regional in Hobbs, NM.   The operative report from that revision surgery indicates that the prosthetic device and component parts, including the Smith & Nephew femoral and tibial components, marketed as "porous", and represented by Defendants' agents, employees or representatives in charge of marketing the device as devices which were to be used without cement, which were designed and manufactured in such a manner to promote the growth of the patient's bone into the implant, upon revision surgery to remove from Plaintiff's knee, were found to have absolutely "no signs of bony ingrowth" whatsoever, and were so loose in Plaintiff's body that they were "easily" extracted from the bone, and removed and replaced with another manufacturer's implant devices.

7.      Following his revision surgery, Plaintiff completed physical therapy, and continued to follow up with Dr. Harmston.   Unfortunately, he continued to experience pain and swelling in the left knee, and was referred to specialist Dr. Alan Altman for further treatment.   On October 26, 2008, a second left knee revision was required and performed by Dr. Alan Altman at Presbyterian Hospital, Albequerque, NM.

8.      As a consequence of the failure of the Defendant's prosthetic device and component parts implanted into Plaintiff's left knee and the subsequent necessitated treatment and surgeries, Plaintiff currently suffers from continuing pain, swelling, scarring, instability, disability and disfigurement.   In all reasonable medical probability

he will continue to suffer from his condition in the future.    Plaintiff has sought follow up treatment from  Dr. Altman and Dr. Harmston,  who have confirmed that there is nothing further they can do to resolve these symptoms.

9.    As a result of his knee condition, Plaintiff is completely incapacitated and unable to perform the basic functions of his everyday life.  His social life and his ability to work have been negatively affected.  He has suffered emotionally and his  relationship with his family has been strained, because of his incapacity and the constant pain he is forced to endure.

## Count One

For strict liability cause of action against Defendant, Plaintiff says:

10.    Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this petition as if fully copied and set forth at length herein.

11.    At all times pertinent hereto, Defendant was the manufacturer of various medical devices and implants, including knee replacement devices, for implantation in the human body.

12.    Defendant designed, manufactured, sold, distributed, or any of them, the prosthetic device and component parts placed into Plaintiff's left knee in his original surgery in 2003.

13.    At all times pertinent hereto, the prosthetic device and component parts implanted in Plaintiff's left knee, any or all, were defective and unreasonably dangerous, in that either or both  had a propensity to fail to ingrow into bone and become or remain

loose and unstable after implantation.

14.     The prosthetic device and component parts placed into Plaintiff 's left knee in or around 2003 reached Plaintiff without substantial change in condition from when they left Defendant's control.

15.     The defective prosthetic device and component parts placed into Plaintiff's left knee in or around 2003 , any or all, were a producing cause of Plaintiff's injuries and damages, more particularly set forth below.

## Count Two

For breach of express warranty cause of action against Defendant, Plaintiff says:

16.     Plaintiff hereby adopts and re-allege each and every Paragraph of the Statement Of Facts Applicable To All Counts of this Petition as if fully copied and set forth at length therein.

17.     Plaintiff hereby adopts and re-alleges Count One of this Petition as if fully copied and set forth at length herein.

18.     At all times material hereto, Defendant designed and manufactured prosthetic device and component parts including the prosthetic device and component parts placed into Plaintiff 's left knee in or around 2003, for use by ultimate consumers as knee prostheses. Defendant represented and warranted that the prosthetic device and component parts would grow into the bone without cementation, and would not become loose .

19.     Plaintiff purchased the prosthetic device and component parts manufactured by Defendant for resale to ultimate consumers. The prosthetic device and

component parts were in their original packaging which was firmly sealed, and in the condition existing at the time of their delivery by Defendant to distributors and to Plaintiff's physicians or hospitals.

20.    Prior to the purchase of the prosthetic device and component parts by Plaintiff as alleged above, Defendant induced purchases of the prosthetic device and component parts by expressly warranting and/or representing to Plaintiffs and/or his physician or hospital, among other things, that the prosthetic device and component parts had a porous undercoating which promoted bony ingrowth when implanted directly onto patient's bone, and would not come loose when implanted without cement, in spite of the fact that such devices were not approved for use without cement by the United States Food and Drug Administration.

21.    In purchasing the prosthetic device and component parts, Plaintiff relied on the skill and judgment of Defendant, and on Defendant's express warranties and/or representations as described above.  Such warranties and/or representations formed a part of the basis of the bargain in which Plaintiff and/or his physician or hospital selected and purchased the prosthetic device and component parts which were used in Plaintiff's surgery.

22.    When Plaintiff purchased the prosthetic device and component parts, Defendant's express warranties  and/or representations concerning it were not true, the knee prosthesis and its component parts, any or all, were defective, and Defendant breached its express warranties, in that the knee prostheses, either or both, were prone to coming loose, and did come loose when implanted without cement, because the resulting

"bony ingrowth" represented by Defendants as the result of implantation without cement, did not occdur.

23.    Defendant's breach of express warranties, more particularly set forth above, proximately caused Plaintiff's injuries and damages, more particularly set forth below.

## Count Three

For breach of the implied warranty of fitness for a particular purpose cause of action against Defendant, Plaintiff says:

24.    Plaintiff hereby adopst and re-alleges each and every Paragraph of the Statement Of Facts Applicable To All Counts of this Petition as if fully copied and set forth at length herein.

25.    Plaintiff hereby adopts and re-alleges Count One and Count Two of this Petition as if fully copied and set forth at length herein.

26.    Defendant knew, or should have known, of the particular purpose for which Plaintiffs purchased the prosthetic device and component parts because the only purpose for which Defendant sold said prosthetic device and component parts was for use as knee prosthesis.

27.    Defendant impliedly warranted that the prosthetic device and component parts were fit for use as a knee prostheses, the purpose for which they were designed, and that they were in fact suitable for the use made by Plaintiff.

28.    In purchasing and using the prosthetic device and component parts, Plaintiff relied on Defendant's skill and judgment and the implied warranty of fitness for

the purpose for which Plaintiff purchased the knee prostheses.

29.    The prosthetic device and component parts, any or all, were not fit for use for their intended purpose because either or both had a tendency to come loose, and either or both did come loose when implanted as directed by Defendants.

30.    Defendant's breach of the implied warranty of fitness, more particularly set forth above, proximately caused Plaintiff's injuries and damages, more particularly set forth below.

<u><strong>Count Four</strong></u>

For breach of the implied warranty of merchantability cause of action against Defendant, Plaintiff says:

31.    Plaintiff hereby adopts and re-alleges each and every Paragraph of the Statement Of Facts Applicable To All Counts of this Petition as if fully copied and set forth at length herein.

32.    Plaintiff hereby adopts and re-alleges Counts One through Three of this Petition as if fully copied and set forth at length herein.

33.    Defendant impliedly warranted that the prosthetic device and component parts were of merchantable quality, fit, safe, and in proper condition for the ordinary use for which such devices are designed, manufactured, marketed and used.

34.    In purchasing and using the prosthetic device and component parts, Plaintiff relied on Defendant's skill and judgment and the implied warranty of merchantability for the purpose for which Plaintiff purchased the prosthetic device and component parts.

35.     The prosthetic device and component parts purchased by Plaintiff were not merchantable in that, among other things, either or both have a tendency to fail to grow into the bone, and come loose, and did fail to grow into Plaintiff's bone and come loose.

36.     Defendant's breach of the implied warranty of merchantability, more particularly set forth above, proximately caused Plaintiff's injuries and damages, more particularly set forth below.

### Count Five

For negligence cause of action against Defendant, Plaintiff says:

37.     Plaintiff hereby adopst and re-alleges each and every Paragraph of the Statement Of Facts Applicable To All Counts of this Petition as if fully copied and set forth at length herein.

38.     At all times material hereto, Defendant was engaged in the manufacture of prosthetic devices and component parts used in total knee revision surgery, including the prosthetic device and component parts placed into Plaintiff Jose Jimenez's left knee in or around 2003 which were marketed and sold to various physicians and hospitals for distribution to the general public as ultimate consumers.

39.     Defendant owed Plaintiff, and the public, a duty to use reasonable care in testing and inspecting their prosthetic device and component parts, in designing the prosthetic device and component parts placed into Plaintiff Jose Jimenez's left knee in or around 2003,  and in manufacturing  and marketing those prosthetic devices and component parts.

40.     Defendant was negligent in its designing, manufacturing and/or marketing

of the prosthetic devices and component parts in one or more of the following particulars, among others:

<ol type="a" start="1">
<li>(a)    in designing knee prostheses that had a tendency to come loose, and that did come loose;</li>

<li>(b)    in failing to adequately test the prosthetic device and component parts;</li>

<li>(c)    in failing to properly market the prosthetic device and component parts;</li>

<li>(d)    in failing to provide adequate warnings, information, or both, of the risks and hazards of the prosthetic device and component parts.</li>

<li>(e)    in representing that the prosthetic device and component parts were suitable for use without cementation.</li>
</ol>

41.    Each and every one of the aforesaid acts, omissions, or both, taken singularly or in any combination, proximately caused Plaintiff's injuries and damages, more particularly set forth below.

42.    For application of the doctrine of *res ipsa loquitur*, Plaintiff says: Plaintiff cannot more specifically allege the acts of negligence on the part of Defendant, for the reason that the facts in that regard are peculiarly within the knowledge of Defendant, and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligent manufacture, design or marketing, Plaintiffs rely on the doctrine of *res ipsa loquitur*. In this connection, Plaintiff will show that the manufacture, design and marketing of the prosthetic device and component parts were within the exclusive control of Defendant. Plaintiff has no means of ascertaining the method or manner in which the prosthetic device and component parts were manufactured designed or marketed, and they came into Plaintiff's possession in the same condition as they were in when they left the control

of Defendant. The occurrence causing harm to Plaintiffs, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendant. Thus, Defendant was negligent in the manufacture, design, or marketing of the prosthetic device and component parts, which negligence was a proximate cause of Plaintiffs' injuries and damages, more particularly set forth below.

## Damages Applicable to All Counts

43.     Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts as if fully copied and set forth at length.

44.     Plaintiff adopts by reference each and every Paragraph of each and every Count of this Petition as if fully copied and set forth at length herein.

45.     As a producing and proximate result of Defendant's product, and Defendant's conduct described above, or both, Plaintiff Jose Jimenez suffered, sustained and incurred, and in reasonable medical probability will continue to suffer, sustain and incur, the following injuries and damages, among others:

(a)     physical pain, past and future;

(b)     mental anguish, past and future;

(c)     physical impairment, past and future;

(d)     physical disfigurement, past and future;

(e)     reasonable and necessary medical expenses, past and future;

(f)     loss of earnings, earning capacity, or both, past and future; and

(g)     medical expenses, past and future.

## Jury Request

49.     Plaintiff hereby request trial by jury of 12.

## Prayer

Plaintiff prays that Defendants be cited to appear and answer herein, and that

upon final trial, Plaintiff has:

      (a)    Judgment against Defendants, jointly and severally, for compensatory damages in excess of the minimum jurisdictional limits of the Court;

      (b)    Pre-judgment interest in accordance with Texas law;

      (c)    Post-judgment interest in accordance with Texas law;

      (d)    Costs of court;

      (e)    Such other and further relief to which Plaintiffs may be justly entitled to receive.

Respectfully submitted,

**The Silva Law Firm**

By: _____

Juan V. Silva

New Mexico Bar No. 11906
1100 S. Grant Avenue
Odessa, TX 79761
Telephone: (432)580-8800
Facsimile: (432)580-8808

And

**Houssiere, Durant & Houssiere, LLP**

By: _____ with Permission

**Charles R. Houssiere, III**
**Texas State Bar No. 10050700\***
**Julie Mayes Hamrick**
**Texas State Bar No. 08878420\***
1990 Post Oak Blvd., Suite 800
Houston, Texas 77056-3812
Telephone: (713)626-3700
Facsimile: (713)626-3709

**\*Texas Counsel, who will apply to appear**
**Pro Hac Vice before the Court in this case**

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT

| | |
|---|---|
| JOSE JIMENEZ | ) |
| | ) |
| vs. | )   NO. _____ |
| | ) |
| SMITH & NEPHEW, PLC and | ) |
| SMITH & NEPHEW, INC. | ) |

## DEMAND AND REQUEST FOR JURY TRIAL

Please take notice that Plaintiff, Jose Jimenez, demands trial by a jury of twelve in

this action.

Respectfully submitted,

The Silva Law Firm,

By:_____

Juan V. Silva
New Mexico Bar No. 11906
1100 S. Grant Avenue
Odessa, TX 79761
Telephone: (432)580-8800
Facsimile: (432)580-8808

Houssiere, Durant & Houssiere, LLP

By:_____ with Permission

Charles R. Houssiere, III
Texas State Bar No. 10050700*
Julie Mayes Hamrick
Texas State Bar No. 08878420*
1990 Post Oak Blvd., Suite 800
Houston, Texas 77056-3812
Telephone: (713)626-3700
Facsimile: (713)626-3709

*Texas Counsel, who will apply to appear
Pro Hac Vice before the Court in this case