# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE JIMENEZ,

    Plaintiff,

vs.

SMITH & NEPHEW, PLC, a foreign corporation or entity; and SMITH & NEPHEW, INC., a Delaware corporation,

    Defendants.

NO. CIV 09-416

## ANSWER OF SMITH & NEPHEW, INC.

Defendant Smith & Nephew, Inc. ("Defendant") hereby answers Plaintiff's Complaint. **All allegations in the Complaint that are not specifically admitted herein are denied.** Defendant responds to the Complaint as follows:

## PARTIES

1.    Responding to Paragraph 1 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made about Plaintiff's residence and, therefore, denies the same.

2.    Responding to Paragraph 2 of the Complaint, Defendant admits that Smith & Nephew, PLC is a foreign corporation; however, Defendant further responds that all orthopaedics businesses are headquartered in Memphis, Tennessee and are conducted by Smith & Nephew, Inc., therefore Smith & Nephew, PLC would not be a proper or necessary party for this lawsuit.

QB\7912738.2

3. Responding to Paragraph 3 of the Complaint, Defendant admits that Smith & Nephew, Inc. is a Delaware Corporation with headquarters in Memphis, Tennessee. Defendant denies that service in this matter was proper in Dallas, Texas.

4. Responding to Paragraph 4 of the Complaint, Defendant denies the allegations made therein.

## STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

5. Responding to Paragraph 5 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made therein and, therefore, denies the same. Defendant further responds that, once it has an opportunity to inspect and identify the subject medical device and component parts, it will be in a better position to determine whether it was designed and manufactured by Smith & Nephew.

6. Responding to Paragraph 6 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made therein and, therefore, denies the same.

7. Responding to Paragraph 7 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made therein and, therefore, denies the same.

8. Responding to Paragraph 8 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made therein and, therefore, denies the same.

QB\7912738.2

9. Responding to Paragraph 9 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made therein and, therefore, denies the same.

## COUNT ONE

10. Responding to Paragraph 10 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Paragraphs 1 through 9 of the Complaint as though fully set forth herein.

11. Responding to Paragraph 11 of the Complaint, Defendant admits the allegations contained therein.

12. Responding to Paragraph 12 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made therein and, therefore, denies the same.

13. Responding to Paragraph 13 of the Complaint, Defendant denies the allegations made therein.

14. Responding to Paragraph 14 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made therein and, therefore, denies the same.

15. Responding to Paragraph 15 of the Complaint, Defendant denies the allegations made therein.

QB\7912738.2

## COUNT TW0

16. Responding to Paragraph 16 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. Responding to Paragraph 17 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Count One of the Complaint as though fully set forth herein.

18. Responding to Paragraph 18 of the Complaint, Defendant admits that it in 2003 it designed and manufactured orthopedic devices for implantation in the human body including the knee. Defendant denies the remaining allegations in this paragraph of the Complaint.

19. Responding to Paragraph 19 of the Complaint, denies the allegations contained therein.

20. Responding to Paragraph 20 of the Complaint, denies the allegations contained therein.

21. Responding to Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22. Responding to Paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

23. Responding to Paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

QB\7912738.2

## COUNT THREE

24. Responding to Paragraph 24 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25. Responding to Paragraph 25 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Count One and Count Two of the Complaint as though fully set forth herein.

26. Responding to Paragraph 26 of the Complaint, Defendant denies the allegations contained therein.

27. Responding to Paragraph 27 of the Complaint, Defendant denies the allegations contained therein.

28. Responding to Paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

29. Responding to Paragraph 29 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made therein and, therefore, denies the same.

30. Responding to Paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

## COUNT FOUR

31. Responding to Paragraph 31 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

QB\7912738.2

32. Responding to Paragraph 32 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Count One through Count Three of the Complaint as though fully set forth herein.

33. Responding to Paragraph 33 of the Complaint, Defendant denies the allegations contained therein.

34. Responding to Paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

35. Responding to Paragraph 35 of the Complaint, Defendant denies the allegations contained therein.

36. Responding to Paragraph 36 of the Complaint, Defendant denies the allegations contained therein.

## COUNT FIVE

37. Responding to Paragraph 37 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Responding to Paragraph 38 of the Complaint, Defendant admits that it in 2003 it designed and manufactured orthopedic devices for implantation in the human body including the knee. Defendant denies the remaining allegations in this paragraph.

39. Responding to Paragraph 39 of the Complaint, Defendant believes this paragraph calls for a legal conclusion that requires no responsive pleading. To the extent a response may be required, Defendant denies the allegations in this paragraph.

QB\7912738.2

40.     Responding to Paragraph 40 of the Complaint, Defendant denies the allegations contained therein.

41.     Responding to Paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

42.     Responding to Paragraph 42 of the Complaint, Defendant believes this paragraph calls for a legal conclusion that requires no responsive pleading.  To the extent a response may be required, Defendant denies the allegations in this paragraph.

## DAMAGES APPLICABLE TO ALL COUNTS

43.     Responding to Paragraph 43 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44.     Responding to Paragraph 44 of the Complaint, Defendant re-alleges and incorporates herein by reference all of its prior admissions, allegations, and denials to Count One through Count Five of the Complaint as though fully set forth herein.

45.     Responding to Paragraph 45 of the Complaint, Defendant denies the allegations contained therein.

## JURY REQUEST

46.     Responding to Paragraph 49[1] of the Complaint, Defendant also requests a jury trial in this matter.

---

[1] Due to an apparent clerical error, Plaintiff's Complaint does not contain paragraphs 46, 47 or 48.

QB\7912738.2

### RESPONSE TO PLAINTIFF'S "PRAYER"

47. In the paragraph identified in the Complaint as the "Prayer", Plaintiff requests certain relief under Texas law. Defendant specifically denies that the law of Texas should apply to any part of this matter.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were the result of an intervening, superseding cause, thus relieving Defendant of any liability.

### SECOND AFFIRMATIVE DEFENSE

The plans and designs for the product and the methods and techniques of manufacturing, inspecting, testing and labeling the subject product, if manufactured by Defendant conformed with the state of the art at the time it was first sold by Defendant.

### THIRD AFFIRMATIVE DEFENSE

If the product at issue in this case was manufactured by Defendant, the proximate cause of the incident giving rise to this action was an alteration or modification of the subject product, which was not reasonably foreseeable, and was made by a person or persons other than Defendant and subsequent to the time that the subject product was originally sold by Defendant.

### FOURTH AFFIRMATIVE DEFENSE

If the product at issue in this case was manufactured by Defendant, the proximate cause of the incident giving rise to this action was the use of the product for a purpose, in a manner, or in an activity other than which was reasonably foreseeable, or was contrary to an express or

adequate warning appearing on, attached to, or delivered with the subject product, any person operating the subject product knew or with exercise of reasonable and diligent care should have known of such instructions or warnings.

### FIFTH AFFIRMATIVE DEFENSE

There was a lack of privity between Plaintiff and Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to UJI 13-2219 NMRA 2006, Defendant alleges that a person or entity not a party to this action was wholly or partially at fault in causing the alleged accident and the injuries and/or damages for which Plaintiff seeks recovery.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff and unnamed persons or entities were wholly or partially at fault in causing the alleged accident, thereby reducing or eliminating any damages owing by Defendant by way of the doctrine of comparative fault.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads the affirmative defenses set forth in Rules 8 and 12, Federal Rules of Civil Procedure, and will seek to amend its Answer when Defendant has had an opportunity to complete discovery and identify which such affirmative defenses are applicable to bar Plaintiff's claims.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that it had no duty to warn of any alleged risks associated with the subject product pursuant to the Learned Intermediary Doctrine.

### TENTH AFFIRMATIVE DEFENSE

QB\7912738.2

Defendant alleges that, even if it had a duty to warn, which allegation is expressly denied, Defendant at all times fulfilled its alleged duty to warn of the alleged risks associated with the subject product.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges, as to each cause of action, that, on balance and in light of the relevant factors, the benefits of the design of the subject product outweighed the risk of danger, if any, inherent in the design.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that the subject product performed as safely as a reasonably prudent person would expect when used in an intended or reasonably foreseeable manner.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions, subsequent medical conditions, an idiosyncratic reaction, operation of nature, or act of God, for which Defendant is not responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, were caused in whole or in party by Plaintiff's failure to exercise reasonable care and diligence to mitigate the alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitation, including, but not limited to, NMSA § 37-1-8 and NMSA § 55-2-725(1).

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing by his Complaint;

2. That the Complaint be dismissed with prejudice and that judgment be awarded in favor of Defendant;

3. That Defendant be awarded its costs of suit herein;

4. That Defendant be awarded its reasonable attorneys' fees; and

5. That Defendant be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By   /s/  Thomas A. Outler

P.O. Box 1888
Albuquerque, NM 87103
Tel:   (505) 768-7256
Fax:   (505) 768-7395

**QUARLES & BRADY, LLP**

Stephen T. Portell
One South Church Street, Suite 1700
Tucson, AZ 85701-1621
Tel:   (520) 770-8718
Fax:   (520) 770-2215

*ATTORNEYS FOR DEFENDANT SMITH & NEPHEW, INC.*

-11-

QB\7912738.2

# CERTIFICATE OF SERVICE

I hereby certify that the above pleading was served by mail on the following counsel of record in this action on April 29, 2009:

**THE SILVA LAW FIRM**

Juan Silva
1100 S. Grant Avenue
Odessa, TX 79761
Tel: (432) 580-8800
Fax: (432) 580-8808

**HOUSSIERE, DURANT & HOUSSIERE, LLP**

Charles R. Houssiere, III
Julie Mayes Hamrick
1990 Post Oak Blvd.
Suite 800
Houston, Texas 77056-3812
Tel: (713) 626-3700
Fax: (713) 626-3709

*ATTORNEYS FOR PLAINTIFF*


**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By      /s/  Thomas A. Outler