IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOSE JIMENEZ,<br><br>Plaintiff,<br><br>Vs.<br><br>SMITH & NEPHEW, PLC; and<br>SMITH & NEPHEW, INC.,<br><br>Defendant. | CASE NO. CIV. 09-416 WDS/DJS |

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a telephonic conference was held on June 16, 2009 at 9:00 am and was attended by:

Julie Hamrick for Plaintiff, Jose Jimenez ("Plaintiff").

Stephen Portell and Tom Outler for Defendant Smith & Nephew, Inc. ("Smith & Nephew" or "Defendant").

**NATURE OF THE CASE**

This is a product liability matter involving orthopedic devices.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff intends to amend its pleading to address in its allegations the possibility that cement was used in the implantation of the subject orthopedic devices. Plaintiff is currently unaware of additional parties that might be joined, but reserves the right to additional parties identified join other parties identified in discovery. Plaintiff intends to dismiss Defendant Smith & Nephew, PLC upon its admittance to practice *pro hac vice* before this honorable Court.

-2-

**The parties have not agreed on deadlines for amendments and joinder**.

**Defendant recommends** Plaintiff should be allowed until **July 31, 2009** to amend the pleadings and join additional parties, and that Defendant should be allowed until **September 4, 2009** to amend the pleadings and to join additional parties.

**Plaintiff recommends** Plaintiff should be allowed until **September 30, 2009** to amend pleadings and join additional parties, and that Defendant should be allowed until **October 31, 2009** to amend the pleadings and to join additional parties.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to that Smith & Nephew PLC is not a proper party in this lawsuit, and will be non-suited by Plaintiff upon counsel's admittance to practice before this honorable Court.

The parties further stipulate and agree that the substantive law of the state of New Mexico and federal procedural law govern this case.

## PLAINTIFF'S CONTENTIONS

Plaintiff contends, among other things, that the loosening and subsequent necessitated revision of his knee prosthesis was caused by Defendant's product prosthesis and component parts, namely, the *Smith & Nephew "Profix"* knee replacement system, which was defective and unreasonably dangerous in that, among other things, it had a propensity to fail to grow into bone and become or remain loose and unstable after implantation. Further, Plaintiff contends, among other things, that Defendant represented and warranted that the prosthetic device and component parts would grow into the bone with or without the use of cement, and would not become loose,

-3-

and therefore, they were of merchantable quality, fit, safe, and in proper condition for the ordinary use for which such devices are designed manufactured, marketed and used when in fact they had a tendency to fail to grow into the bone and become loose and did fail to grow into Plaintiff's bone, and loosened.  Plaintiff also contends, among other things, that Defendant was negligent in designing a prosthetic that had a tendency to loosen, failing to adequately test the device, failing to adequately market the device, failing to warn of risks and hazards of the device, and in representing the device was suitable for its intended use.  Plaintiff has pled *res ipsa loquitur*, as the occurrence is one which in the ordinary course of events would not have occurred without negligence on the part of Defendant.

## **DEFENDANTS' CONTENTIONS**

Without the ability to identify and examine the subject orthopedic device(s), and without the benefit of Plaintiff's medical records, it is not possible for Defendant to exhaustively list its contentions.  Defendant contends that the subject orthopedic devices, if manufactured by the Defendant, were not defective in any way.  Defendant intends to prove that the subject orthopedic device(s) were accompanied by adequate instructions and warnings and was subject to appropriate design, development and testing.  Based upon the allegations in the Complaint, Defendant believes that the subject orthopedic devices were never subject to a recall.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

### Depositions

**The parties agree on the following preliminary list of potential deponents known to them at this time:**

- Plaintiff Jose Jimenez;

- Witnesses with knowledge of Plaintiff and his allegations of liability and damages;

- Representatives of Smith & Nephew, Inc. regarding the design, development, manufacture, testing and marketing of the subject orthopedic devices;

- Plaintiff's surgeon Dr. John Harmston;

- Plaintiff's subsequent treating physician, Dr. Alan Altman;

- Members of the surgical team, or hospital employees; and

- Experts designated by either party.

**Plaintiff also proposes the following deponents which may or may not be subject to Defendant's control:**

- Person(s) responsible for education of sales representative who marketed the subject implant to Plaintiff's surgeon;

- Sales representative(s) who marketed the subject implant to Plaintiff's surgeon; and

- Subcontractors assisting with production of the subject implant.

**Potential Trial Exhibits**

The parties agree on the following list of potential trial exhibits known to the parties at this time:

- Medical records of Plaintiff;
- The subject orthopedic devices;
- Literature used by Defendants in sales and marketing of the device;
- Records regarding the design, development, manufacture, testing and marketing of the subject orthopedic devices;
- Medical records and medical bills of Plaintiff;

The following potential trial exhibits are known to Plaintiff at this time and are also proposed by him:

- Financial records of the parties;
- Demonstrative illustrations

**Experts**

The parties agree that they have not yet identified or retained testifying experts at this time, but expect to do so during discovery.

The parties have not agreed, but Plaintiff proposes the following categories of expert witnesses it will seek:

- Treating physicians;
- Design experts
- Manufacturing and Production experts
- Marketing Experts
- Financial Experts

**Potential Subjects of Discovery**

The parties agree that discovery will be needed on the following preliminary subjects, as well as other subjects discovered as the case progresses:

- The design, development, manufacture, testing and marketing of the subject orthopedic devices;
- Post-sale recalls, if any, of the subject orthopedic devices;
- Plaintiff's medical treatment and history; and
- Plaintiff's alleged damages.

The parties have not agreed, but Plaintiff proposes that discovery will be needed on the following subjects:

- Custody of the subject implant;
- Financial condition of Defendant; and
- Recall of the Smith and Nephew *Profix and Genesis II* implants

**Proposed Deadlines**

The parties agree to the following limitations and deadlines for discovery:

- Plaintiff will provide medical releases to Defendant no later than **July 15, 2009**, so that Defendant can obtain copies of Plaintiff's medical records. Plaintiff will provide, on an ongoing basis, medical releases for Plaintiff's medical records when new medical providers are identified during discovery.
- Plaintiff will produce valid ChartStiks for the subject orthopedic devices to Defendant no later than July 31, 2009.
- If either party is in possession of the subject orthopedic devices they shall provide it to the other party for a non-destructive custodial examination **no later than 30 days after the subject devices are properly identified and confirmed via valid ChartStiks**

for the subject devices.  "Valid ChartStiks" for the subject devices shall mean legible ChartStiks that are contained within the Plaintiff's medical records on a page stamped with the Plaintiff's name and identifying hospital information.

- Maximum of 25 interrogatories by each party to any other party.
- Maximum of 30 requests for admission by each party to any other
- Maximum of 10 depositions by Plaintiff and 10 by Defendant.
- Each deposition (other than of Plaintiff himself) shall be limited to maximum of 6 hours unless extended by agreement of parties.
- Supplementation under Rule 26(e) is due **within 30 days** of the date a party learns that a prior disclosure under Rule 26(a) or response to written discovery is incomplete or incorrect.
- The parties agree to provide written expert reports pursuant to Rule 26(a)(2) no later than the deadlines for designating their experts.
- Discovery in this matter shall be completed by **April 30, 2010.**

**The parties have not agreed on the deadlines for designation of**

- **experts, but propose individually as follows:**

REGARDING DATES FOR DESIGNATION:

- *Defendant proposes* that **Plaintiff shall designate expert(s) by January 15, 2010,** and that **Defendant shall designate expert(s) by March 1, 2010**, or 45 days after Plaintiff's designation.

- *Plaintiff proposes* that **Plaintiff shall designate expert(s) by January 15, 2010,** and that **Defendant shall designate expert(s) by February 15 2010**, or 30 days after Plaintiff's designation.

**REGARDING DEPOSITIONS OF EXPERTS:**

- *Defendant proposes* that Plaintiff will produce its experts for deposition no later than **February 26, 2010,** and that Defendant will produce its experts for deposition no later than **April 23, 2010.**

- *Plaintiff proposes* that the parties' experts will be made available for deposition within 15 days of their designations, but no later than **April 15, 2010,** 15 days prior to discovery completion .

## PRETRIAL MOTIONS

Plaintiff is in the process of filing its *Motion to Admit Counsel pro hac vice* and will, upon admission, file a *Motion for Nonsuit of Defendant Smith & Nephew, PLC*.  Plaintiff does not foresee the necessity for additional pretrial motions.

Without the ability to identify and examine the subject orthopedic devices, and without the benefit of discovery, it is not possible for Defendant to list pretrial motions.  Defendant reasonably anticipates narrowing the legal and factual issues by filing dispositive motions, as well as filing a *Daubert* motion to challenge the admissibility of unreliable scientific evidence.

## ESTIMATED TRIAL TIME

This is a jury case. The parties request a pretrial conference in July 2010.

**The parties are not agreed on estimation of trial time. Defendants  estimate** trial will require 8-10 trial days.  **Plaintiffs estimate** its portion of the case will take 25 hours.  Plaintiff requests a trial date of August 2010.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to Plaintiff's production of the subject orthopedic devices, production and review of Plaintiff's medical records and Plaintiff's deposition.   The parties request a settlement conference in June 2010.

**AGREEMENT**

Undersigned counsel has attempted to reach substantial agreement on the foregoing with Julie Mayes Hamrick, an attorney in Houston, Texas who filed the original state court action on behalf Jose Jimenez with the help of attorney Juan Silva (an attorney in Odessa, Texas who is also admitted to the State Bar of New Mexico).  Since this case was removed on April 29, 2009, neither Ms. Hamrick nor Mr. Silva has been admitted to practice in this U.S. District Court.  On June 19, 2009, Ms. Hamrick made representations that she will replace Mr. Silva and seek pro hac vice admission via a new local counsel, James Klipstine in Hobbs, New Mexico.  Unfortunately, to date, there is no proof that this is actually happening.  Undersigned counsel has made it clear that they will not sign this or any document on behalf of Plaintiff unless and until his attorneys have been properly admitted to practice in this U.S. District Court.

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By    /s/  Thomas A. Outler

P.O. Box 1888
Albuquerque, NM 87103
Tel:    (505) 768-7256
Fax:    (505) 768-7395

**HARALSON, MILLER, PITT, FELDMAN & McANALLY PLC**

Stephen T. Portell
One S. Church Ave., Suite 900
Tucson, Arizona  85701
Tel:    (520) 792-3836
Fax:    (520) 624-5080

*Attorneys for Defendant Smith & Nephew, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive electronic service. As no counsel for Plaintiff has yet been admitted to practice before this Court or registered for CM/ECF filing and service, a copy of the foregoing also was delivered by First Class U.S. Mail on June 22, 2009 to the following:

Juan Silva, Esq.
NM State Bar No. 11906
1100 S. Grant Avenue
Odessa, TX  79761

Julie Mayes Hamrick, Esq.
HOUSSIERE, DURANT & HOUSSIERE, LLP
1990 Post Oak BlvdSuite 800
Houston, Texas 77056-3812

***Attorneys for Plaintiff***

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By      /s/  Thomas A. Outler