## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSE JIMENEZ,

     Plaintiff,

vs.

SMITH & NEPHEW, PLC, a foreign                  NO. CIV 09-416 MCA/DJS
corporation or entity; and SMITH &
NEPHEW, INC., a Delaware corporation,

     Defendants.

### DEFENDANT SMITH & NEPHEW, INC.'S
### MOTION TO COMPEL DISCOVERY FROM PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), Defendant Smith & Nephew, Inc. hereby moves the Court to enter an order compelling Plaintiff to respond to certain of Defendant's interrogatories and requests for production. Specifically, Defendant seeks to compel from Plaintiff a response, or a more complete or clarified response, to Defendant's Interrogatory Nos. 1 through 4 and Requests for Production 2 through 7. Plaintiff's Objections and Responses to Defendant Smith and Nephew, Inc.'s Requests for Admission, Interrogatories, and Requests for Production are attached as Exhibit 1 to this Motion.

Defendant states that it has attempted to confer in good faith with Plaintiff's counsel regarding the issues set forth in this Motion, but Plaintiff's counsel has refused to respond. Defendant therefore assumes that Plaintiff opposes this motion.

## I.      BACKGROUND

This is a product liabilty action in which Plaintiff seeks damages resulting from his implantation with an allegedly defective prosthetic knee device allegedly manufactured by Defendant. Defendant served its first Requests for Admission, Interrogatories, and Requests for

Production on Plaintiff on July 7, 2009, and Defendant received Plaintiff's Objections and Responses on August 12, 2009.

On August 27, 2009, Defendant wrote to Plaintiff's counsel, seeking Plaintiff's supplementation or clarification with regard to the interrogatories and requests for production identified above. *See* Exhibit 2. Defendant asked that Plaintiff respond or at least indicate a willingness to discuss the discovery deficiencies by September 2, 2009. Plaintiff gave no response by that date, did not ask for additional time to respond, and in fact has shown no willingness whatsoever to discuss the discovery issues.

To preserve its rights and memorialize with the Court its efforts to discuss the discovery issues with Plaintiff's counsel in good faith, Defendant filed its Motion to Extend Rule 26.6 Deadline to File Motion to Compel. Defendant sought Plaintiff's agreement to this routine motion, to give *Plaintiff* sufficient time to respond to Defendant's letter regarding Plaintiff's discovery deficiencies, with the hope that the parties could, through discussion, at least narrow the scope of this discovery dispute before submitting it to the Court. Once again, Plaintiff's counsel refused even the courtesy of saying yes or no to the undersigned's request for agreement as to this extension.

Now, while having given no response whatsoever to any of Defendant's effort's to discuss the deficiencies in Plaintiff's discovery responses, Plaintiff has filed a response in opposition to Defendant's Motion to Extend Rule 26.6 Deadline to File Motion to Compel. In so doing, Plaintiff has demonstrated that, in addition to refusing to cooperate with the discovery process, he also refuses to engage in any good faith discussion about his discovery obligations. Accordingly, Defendant has no choice but to seek this Court's assistance in resolving this discovery dispute.

**II.      DEFICIENCIES IN PLAINTIFF'S DISCOVERY RESPONSES**

**A.      Plaintiff must give his interrogatory answers under oath.**

This is a plain requirement of Rule 33(b)(3), which Plaintiff has ignored. Plaintiff should be ordered to provide a proper verification of his interrogatory answers.

**B.      Plaintiff's objections regarding premature inquiry as to Plaintiff's expert's opinions should be overruled.**

In answer to each of Defendant's interrogatories, and in response to Defendant's Request for Production Nos. 2, 5, and 6, Plaintiff objects on the basis that the interrogatory or request is "premature under Fed. R. Civ. P. 26(a)(2)(C) because response thereto is the subject of expert testimony and expert designation has not yet been requested by the Court." It is unclear whether Plaintiff has witheld otherwise responsive information from discovery based on this objection. In any event, the objection is meritless and should be overruled.

Defendant has a right to know the factual basis, if any, of Plaintiff's claims as a part of general discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things."). While Plaintiff is not required by rule or scheduling order at this stage to identify his expert witnesses or to identify what information or documents those experts may have reviewed, Plaintiff may not avoid answering Defendant's basic discovery questions as to the factual support for Plaintiff's claims simply because the same information or documents ultimately may form the basis of Plaintiff's expert's opinions. Nor may Plaintiff shield certain facts from discovery simply by disclosing them to a consulting expert.

Plaintiff's objections regarding the "prematurity" of Defendant's discovery requests should be overruled. Plaintiff should be ordered to provide all information responsive to these

requests in Plaintiff's possession, custody, or control, and to confirm that all such responsive information has been provided.

**C.     If Plaintiff is witholding information based on claim of privilege, he must provide a privilege log.**

Plaintiff states an improper "general objection" to producing privileged and work product information, and Plaintiff restates this objection in answer to each interrogatory and in response to Request for Production Nos. 2, 5, 6, and 7. Again, it is unclear from the answers and responses as to whether Plaintiff actually is witholding documents under claim of privilege or work product immunity or whether Plaintiff is simply offering this objection without purpose.

If Plaintiff is witholding documents under claim of privilege or work product, he must produce a privilege log. *See* Fed. R. Civ. P. 26(b)(5). Plaintiff should be ordered to state clearly whether he is witholding documents under claim of privilege, and to provide a proper log if he is.

**D.     Plaintiff's responses to specific interrogatories and requests for production are inadequate and should be supplemented or clarified.**

**Interrogatory No. 1:**

This interrogatory requires Plaintiff to set forth every fact known to Plaintiff that supports Plaintiff's denial of each of Defendant's Requests for Admission (RFA). Plaintiff has made no such factual recitation regarding any of the RFA denials, but rather has just offered a single paragraph response that simply repeats the allegations in the complaint.

Defendant asks the Court to order Plaintiff to answer this interrogatory specifically with regard to each RFA that Plaintiff has denied, giving all information currently in his possession, custody, and control, as follows:

a.     Plaintiff should state the factual basis for his claim that the subject orthopedic devices were defective (see RFA No. 1);

        b.      Plaintiff should state the factual basis for his claim that Plaintiff's damages were caused by the subject orthopedic devices and not caused by something other than the subject orthopedic devices (see RFA Nos. 2 and 3);

        c.      Plaintiff should state the factual basis for his claim that the subject orthopedic devices became loose in Plaintiff's body because the devices were defective (see RFA No. 4);

        d.      Plaintiff should state the factual basis for his claim that Defendant acted with culpable intent as alleged in the Complaint  (see RFA Nos. 5 and 7);

        e.      Plaintiff should state the factual basis for his claim that Defendant engaged in culpable conduct as alleged in the Complaint (see RFA Nos. 6 and 8).

In short, if Plaintiff has information in his possession, custody, or control that supports his claims for liability, causation, and damages, he must disclose that information in discovery. *See* Fed. R. Civ. P. 26(b)(1). If Plaintiff does not have such information, he should so state, rather than simply putting up a smoke screen of baseless objections and repeating the allegations in his Complaint. *See United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958) (Discovery is for the purpose of testing and fleshing out the allegations in the pleadings, so as to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.").

**Interrogatory No. 2:**

This interrogatory essentially asks Plaintiff to identify where he bases his claims upon the statement or opinion of another person, and to identify such persons with sufficient particularity such that the discovery process can be continued with respect to them. Plaintiff's one-sentence, non-specific reference to Plaintiff's medical records as an answer to this interrogatory is inadequate. If Plaintiff believes there to be specific statements in the medical records or

elsewhere that support Plaintiff's RFA denials, Plaintiff must identify those statements specifically as well as identifying the name and contact information of the persons making the statements with sufficient detail to allow for the noticing of deposition of those persons.

**Interrogatory No. 3:**

This interrogatory asks Plaintiff to identify specifically the documents that he believes support the allegations in his Complaint and the custodians of such documents. Again, Plaintiff's one-sentence, non-specific reference to Plaintiff's medical records is inadequate as an answer. If Plaintiff believes that specific medical records support his claims, Plaintiff must identify those records specifically as well as identifying the name and contact information of the persons who created the records with sufficient detail to allow for the noticing of deposition of those persons.

**Interrogatory No. 4:**

This interrogatory as defined seeks evidence that Plaintiff would submit to the Court in opposition to a Rule 56 motion made by Defendant as to Plaintiff's claims, as those claims are described in Defendant's RFAs. For example, if Defendant were to move for summary judgment on the grounds that Plaintiff cannot support his claim that the subject orthopedic device was defective (*see* Defendant's RFA No. 1), Plaintiff would be required to respond by "set[ting] out specific facts showing a genuine issue for trial." *See* Rule 56(e)(2). This interrogatory seeks those specific facts known to Plaintiff that support each of his RFA denials. If Plaintiff knows of facts that support each of his RFA denials, he must disclose those facts in discovery. If Plaintiff has no factual support for his RFA denials, he must so state.

**Request for Production No. 2:**

This request seeks any documentary or other tangible support for Plaintiff's claims in the Complaint, and in response Plaintiff offers again a non-specific reference to "medical records and bills." Plaintiff precedes his vague response, however, with three paragraphs of objections referencing six separate federal rules. As such, it is unclear from his response whether Plaintiff is contending that the medical records and bills are the only documentary or other tangible evidence he is aware of that support the allegations in his Complaint, or whether there is other such documentary or tangible evidence that Plaintiff is witholding based on his objections.

In short, if Plaintiff has documentary or other tangible support for his claims, he must produce that material to Defendant. If he has no such documentary or other tangible support, he must state that rather than clouding his response among meritless objections.

**Request for Production No. 3:**

This request seeks Plaintiff's medical records for the period beginning 15 years prior to date. As such, this request seeks to probe Plaintiff's medical history for the nine-year period prior to the knee-replacement surgery that forms the basis of Plaintiff's claims and for the six-year period between that surgery and now. Plaintiff responded again with voluminous and baseless objections, and by providing a medical release allowing disclosure of medical records from only 2003 to the present.

As a primary matter, Plaintiff's objections to this request are meritless and should be overruled. Plaintiff's medical history is plainly relevant to the issues in this case and should be open to full discovery. As it stands, however, Plaintiff has provided Defendant with no records, and no ability to access records, that precede the date of occurrence set forth in Plaintiff's Complaint. As such, Defendant presently has no access to the history of Plaintiff's knee

condition, why knee-replacement surgery was indicated, what prior efforts there may have been to repair or replace Plaintiff's knee, and what other medical conditions Plaintiff may have had that would bear on Plaintiff's candidacy for knee-replacement surgery with Defendant's device. This information is directly relevant both to Plaintiff's claims and to Defendant's defenses, and should be open to full discovery.

Moreover, Defendant's request for Plaintiff's medical history for nine years prior to the date of occurrence in the pleadings cannot be considered excessive or otherwise outside of the scope of discovery. Knee problems that ultimately require knee replacement surgery are typically very long-term conditions, and Plaintiff has not suggested otherwise with regard to his knee condition. As such, there likely are extensive records regarding the history of Plaintiff's knee condition dating to well-before Plaintiff's surgery in 2003.

Plaintiff has offered no legitimate reason to deny Defendant access to the medical history most relevant to Plaintiff's claims in this case. Defendant asks the Court to order Plaintiff to execute a new authorization for release of medical records dating from 1994 to the present.

**Request for Production No. 4:**

This routine request asks Plaintiff to release his tax records, which are directly probative of Plaintiff's damages claims. Plaintiff's provision of a limited authorization for release of tax records from only 2003 forward is insufficient to meet Plaintiff's discovery obligation in responding to this request.

Plaintiff is claiming loss of earnings and earning capacity as a result of his failed knee replacement surgery, and yet Plaintiff has provided no basis for Defendant to assess how Plaintiff's earnings and earning capacity prior to implantation of Defendant's device in 2003 diminished after that device was removed in 2006. If Plaintiff intends to maintain his claim for

lost earnings and lost earning capacity, Plaintiff must at a minimum provide evidence of his earnings from at least five years prior to 2003 up to the present date.

Defendant asks the Court to order Plaintiff to submit a new tax records release with either no time limitation or one allowing release of records from tax year 1998 through tax year 2008.

### Request for Production No. 5:

This request calls for any documents Plaintiff has that relate to the *cause* of Plaintiff's damages. In response, Plaintiff makes only a non-specific reference to medical bills. Medical bills do not document the cause of a particular medical condition, are are thus non-responsive to this request. If Plaintiff has documents that in any way suggest a particular cause of Plaintiff's damages, whether that cause is Defendant's device or otherwise, Plaintiff must produce those documents. If Plaintiff has no such documents, he must so state.

### Request for Production Nos. 6 and 7:

As a primary matter, it is unclear whether Plaintiff intends to respond to these requests or not. Plaintiff ends his responses to these requests with "Subject to and without waiving this objection, Plaintiff answers as follows," but no response follows. If Plaintiff has responses to these requests, he should provide them.

Further, Plaintiff's objections to these requests are meritless. The Court has ordered that Plaintiff identify any expert witnesses Plaintiff intends to use at trial and to provide expert reports *no later than* January 15, 2010. There is nothing in the Court's order, however, that prevents the exchange of expert witness information through the discovery process prior to that deadline.

If Plaintiff has identified expert witnesses that Plaintiff intends to use at trial, then Plaintiff should provide the requested information to the extent it exists. If Plaintiff has not

identified his trial experts yet, or if Plaintiff otherwise has no documents responsive to this request, he must so state.

## III. CONCLUSION

Defendant Smith & Nephew, Inc. respectfully asks the Court to grant this Motion to Compel and to issue an order directing Plaintiff to supplement his discovery responses as set forth above.

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By      /s/  Thomas A. Outler

P.O. Box 1888
Albuquerque, NM 87103
Tel:    (505) 768-7256
Fax:    (505) 768-7395

**HARALSON, MILLER, PITT, FELDMAN & McANALLY PLC**

Stephen T. Portell
One S. Church Ave., Suite 900
Tucson, Arizona  85701
Tel:    (520) 792-3836
Fax:    (520) 624-5080

***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive electronic service.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By      /s/  Thomas A. Outler