IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE JIMENEZ,

    Plaintiff,

vs.

SMITH & NEPHEW, PLC, a foreign                 NO. CIV 09-416 MCA/DJS
corporation or entity; and SMITH &
NEPHEW, INC., a Delaware corporation,

    Defendants.

### MOTION FOR ENTRY OF PROTECTIVE ORDER OF CONFIDENTIALITY

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) Defendant Smith & Nephew, Inc. hereby moves the Court to enter the Protective Order of Confidentiality attached hereto as Exhibit 1 ("Confidentiality Order"). As grounds for this motion, Defendant states that entry of the Confidentiality Order will promote the efficient and timely exchange of document discovery in this case while also ensuring that Defendant's trade secret and other confidential research, development, and commercial information will not be disclosed to persons not before this Court and not subject to this Court's supervision. Plaintiff opposes this motion.

**I.     CASE AND DISCUSSION BACKGROUND**

This is a product liabilty action in which Plaintiff seeks damages resulting from his implantation with an allegedly defective prosthetic knee device allegedly manufactured by Defendant. The parties have exchanged some preliminary documents, but document discovery remains at an early stage. Anticipating, however, that in short order both parties will be requesting and exchanging extensive documents that contain medical, financial, trade secret, commercially-sensitive, or other information that should be kept confidential from non-parties to

this litigation, Defendant proposed to Plaintiff on August 5, 2009, that the parties enter into the Confidentiality Order. (*See* cover e-mail to Exhibit 1).

Plaintiff's counsel in response did not indicate that she objected to entry of a confidentiality order in principle, but stated only that she could not agree to Defendant's proposed form of order because it did not contain a "sharing agreement." *See* Exhibit 2. While this was Plaintiff's only disagreement with the provisions of the Confidentiality Order, it is a significant exception. Adding a "sharing agreement" to the Confidentiality Order would allow Plaintiff's counsel to distribute confidential information produced by Defendant to other plaintiff's attorneys and non-parties around the country without any limitation and without any notice to Defendant or this Court, thus undermining the very reason for entry of such an order, to protect confidential information by limiting its disclosure outside of the litigation.

When asked why a sharing provision was necessary, Plaintiff's counsel stated that it was her firm's "no-exceptions policy" that required the sharing provision. *See* Exhibit 3. To date, counsel for the Plaintiff has failed to provide a proposed draft of her so-called sharing provision, has failed to cite a single New Mexico case that justifies her insistence on a sharing provision, and has refused to name the people with whom she would share confidential information.

In fact, Plaintiff's demand for a sharing provision within the proposed confidentiality order is contrary to law and to the practice of this Court, as set forth below. Defendant therefore moves the Court to enter the Confidentiality Order, which will serve the interests of the Court in expediting the flow of information in discovery while protecting the interests of the parties as contemplated by Rule 26(c)(G).

2

I.  **ARGUMENT**

    A.  **Entry of the Proposed Confidentiality Order Will Promote Efficiency and Fairness Within This Litigation**

Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances and for good cause shown. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In determining whether to issue a protective order, the Court should balance the burden imposed on the parties producing discovery if a protective order is not granted against the burden imposed on the party requesting discovery if a protective order imposing conditions is granted. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982). Here, application of this balancing test plainly weighs in favor of entry of the Confidentiality Order as has been proposed by Defendant.

First, entry of the Confidentiality Order will actually facilitate the exchange of relevant discovery in this action and create fewer discovery disputes. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("[T]he assurance of confidentiality may encourage disclosures that otherwise would be resisted."). Moreover, this facilitation will occur without the imposition of any counterveiling burden on either party or the Court—neither party will have to make any additional showing or undertake any additional process in order to use the confidential information in this litigation for any purpose permitted by the Rules of Civil Procedure and the Rules of Evidence. In short, entry of the Confidentiality Order will help, and in no way hinder, the progress of this case.

In contrast, Plaintiff has not, and cannot, articulate any way that permitting the open-ended sharing of Defendant's confidential business information would promote the efficient and just resolution of this case before this Court. Indeed, the only *litigants* who would benefit from Plaintiff's ability to share Defendant's confidential information would be as-yet unidentified non-parties to this litigation who are entirely beyond this Court's supervision and control. Such persons are not to be considered in this Court's analysis of whether the Confidentiality Order should be entered. *See Id.*, 905 F.2d at 1427-28 ("[a]llowing modification of protective orders for the benefit of collateral litigants tends to undermine the order's potential for more efficient discovery. ... [T]he district court must refrain from issuing discovery orders applicable only to collateral litigation."). As such, Plaintiff's insistence on a sharing provision runs directly afoul of the Tenth Circuit's protective order balancing test, and Plaintiff's demand should be rejected.

Given the significant volume of medical, financial, trade secret, commercially-sensitive, and other confidential information that will be requested and exchanged through discovery in this action, there plainly is good cause under Rule 26(c) for entry of a protective order of confidentiality to limit disclosure of such confidential information outside of the litigation. The form of Confidentiality Order proposed by Defendant will serve this purpose while imposing no burden on any party this action or the Court. Defendant respectfully asks that the Confidentiality Order be entered.

> **B.   Faced With A Nearly Identical Contest Previously, This Court Rejected The Plaintiff's Demand for Inclusion of a Sharing Provision Within a Confidentiality Agreement.**

In *Bertetto v. Novartis AG, et al*, No. Civ 06-1136 JH/ACT, as here, this Court was called upon to reconcile the defendants' request for entry of a confidentiality order against the plaintiffs' insistence that such a confidentiality order include a sharing provision. After significant briefing before both Judges Torgerson and Herrera in that action, Judge Herrera

4

outlined the nature of the dispute and ruled as follows, rejecting Plaintiff's demand for inclusion of a sharing provision within the proposed confidentiality order as contrary to law:

> The primary issue before the Court concerns an information-sharing provision in a protective order that Defendants allege is too broad to enable them to protect their confidential business information from those who do not have the right to access it. ... Plaintiffs sought a provision that would enable them to share discovery obtained from Defendants with any other attorneys that sued Defendants anywhere in the United States for injuries allegedly caused by the medication manufactured by Defendants. Defendants claimed that such an information sharing provision would harm them because it would enable plaintiffs in other cases to obtain Defendants' confidential business information without a court's order or supervision and without notification to Defendants.
> ...
> [T]he Court believes that paragraph 7(d) of the protective order is contrary to Tenth Circuit law and must be stricken from the protective order.
> ...
> In this case, the Plaintiffs are preemptively seeking discovery for potential future plaintiffs, and no collateral party even exists yet. Under the information-sharing provision of paragraph 7(d), the court would be abdicating its role in approving future discovery (as well as potentially usurping a collateral court's role in managing discovery in a collateral case) rather than deliberately choosing to modify an existing agreement.
> ...
> Because the provision would result in dissemination of Defendants' confidential information being removed from any meaningful court oversight and left completely in the hands of the Plaintiffs' attorneys, and such information would be available to any plaintiff who simply filed a suit against Defendants, regardless of the suit's merits or the relevance of the materials to the suit, the Court finds that the provision would "tangibly prejudice substantial rights" of Defendants, as prohibited under *United Nuclear*.

*See* Memorandum Opinion and Order, Docket No. 130, Case No. Civ 06-1136 JH/ACT.

The *Bertetto* opinion is complete, well-reasoned, well-founded, and directly on point to the present Motion. Defendant respectfully asks that this Court accept its own prior analysis of the sharing provision issue and enter the Confidentiality Order as proposed by Defendant.

5

### III.  CONCLUSION

For the reasons set forth above, and pursuant to Rule 26(c)(1)(G), Defendant respectfully asks the the Court to enter the Confidentiality Order, and to reject Plaintiff's demand that the Confidentiality Order include any provision for the sharing of confidential discovery information outside of this litigation and beyond the supervision of this Court.

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By   /s/  Thomas A. Outler

P.O. Box 1888
Albuquerque, NM 87103
Tel:   (505) 768-7256
Fax:   (505) 768-7395

**HARALSON, MILLER, PITT, FELDMAN & McANALLY PLC**

Stephen T. Portell
One S. Church Ave., Suite 900
Tucson, Arizona  85701
Tel:   (520) 792-3836
Fax:   (520) 624-5080

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive electronic service.

    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

    By    /s/  Thomas A. Outler