IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JOSE JIMENEZ | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 1:09-cv-00416 MCA DJS |
| | § | |
| SMITH & NEPHEW,  INC. | § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Without waiving the objections made in response to Defendant's *Motion for Leave to File Late Motion to Compel,* (Court Document 23), and its contention that no basis exists for a *Motion to Compel,* in a good faith effort to resolve the issues presented therein, PLAINTIFF Jose Jimenez makes the following response, to DEFENDANT  Smith & Nephew, Inc.'s *Motion to Compel,* filed September 14, 2009,  pursuant to Fed. R. Civ. P. 6 and Local Rule 7.4.

## I. BACKGROUND

1.      This is a product liability action brought by Mr. Jose Jimenez against Defendant Smith & Nephew, Inc. for injuries resulting from complications with a knee prosthesis implanted into his leg which failed for no known medical reason, requiring revision surgery to replace the implant. According to the chartstiks found in the hospital records from the implantation surgery, the implant used in Mr. Jimenez' leg was designed, manufactured and marketed by Defendant. Plaintiff has provided a copy of the chartstik information to Defendants.   The medical records provide no medical reason for the failure of the implant.   It is common knowledge that Defendant has had considerable problems with loosening of substantially similar prosthetic devices of the same model

1

name implanted in the same year, and initiated a recall of such similar devices in September of 2003 due to an inappropriate rate of loosening without medical reason. For these reasons, Plaintiff has brought suit against Defendant for failure of his knee implant without medical explanation, in a manner which is identical to the failures suffered by recipients of the recalled prosthetic device.

2.      Suit was filed in state court in New Mexico February 16, 2009, and was removed to federal court on April 29, 2009. Initial disclosures have been made, and a scheduling order has been entered. Plaintiff is in the process of proving that a same or similar defect in the device for which the 2003 recall was initiated caused the loosening and failure of Plaintiff's device. The parties have been in negotiations regarding a stipulated confidentiality agreement requested by Defendant prior to Plaintiff's serving of discovery requests.

3.      The Court has entered a scheduling order placing this case on a "complex" discovery track, and the deadline for discovery completion is April 30, 2010, and requires expert designation by Plaintiff by January 15, 2010. Trial has been set for November 8, 2010. Defendant served discovery upon Plaintiff, and timely responses were filed. Defendant filed a *Motion for Leave to file a late Motion to Compel*, and Plaintiffs filed a response in opposition. As the Court has not ruled on the *Motion for Leave*, Plaintiffs file this response to the *Motion to Compel* in a good faith attempt to reduce the issues presented by Defendant without the need for court intervention.

## II. OBJECTION TO DEFENDANT'S MOTIONS

4.      The parties are required, prior to filing a motion to compel, to make a good faith attempt to confer in an effort to resolve a discovery dispute. Fed. R. Civ. P. 26(c)(1). No such good faith attempt was made by Defendant. The information regarding conference between attorneys

included with Defendant's *Motion for Extension of LR 26.6 Deadline* and *Motion to Compel* filed

by local counsel Thomas Outler is not completely clear.   Defendant's *Motion for Extension* does not

include a proper certificate of conference, setting forth any attempt to confer with Plaintiff regarding

the issues presented, because there was no such attempt.   The *Motion to Compel* similarly fails to

include a proper certificate of conference, and indicates only "Defendant states that it has attempted

to confer in good faith...but Plaintiff's counsel has refused to respond."   In fact, the only attempt

made to confer on these issues prior to Defendant's *Motion for Extension* was a letter dated August

27, 2009 received by Plaintiff at 2:44 p.m. via email.    Contrary to the claims in Defendant's *Motion*

*for Extension*, the letter from local counsel regarding its issues with Plaintiff's discovery responses

was not forwarded on August 26 as stated in  page 1 paragraph 1 of Defendant's *Motion to Extend,*

(Document 22 in the Court's filings)   but, (as evidenced by Document 22-3 in the Court's filings),

is dated August 27, 2009 and was not received by Plaintiff until 2:44 p.m. CST on August 27, 2009,

only hours before the expiration of Defendant's deadline for filing a motion to compel in response

to Plaintiff's discovery responses.   Due to the late raising of numerous new issues regarding

Plaintiff's discovery responses,  Plaintiff could not timely respond prior to the August 28, 2009

deadline for Defendant's *Motion to Compel.*

     5.     Defendant's *Motion*  further  fails to admit that Plaintiff's counsel and lead counsel

for Defendant, Stephan Portell have had extensive conference regarding discovery in this matter,

with continued good faith efforts to resolve other discovery issues, giving them ample opportunity

to raise the issues it now seeks to raise.   Specifically, Defendant has argued vehemently for a

confidentiality agreement prior to Plaintiff's serving of discovery requests upon it. As further proof

of such conference on this issue between the parties, Plaintiff shows that Defendant has filed a *Motion for Protective Order* regarding this issue which will be addressed by separate response. The issues raised in Defendant's *Motion for Extension* and *Motion to Compel* were never mentioned during these conferences, nor were they addressed in person at any other time prior to Defendant's filing of its *Motions.*

6.      Pursuant to D.N.M.L.R. 26.6, failure of a party to proceed under D.N.M.L.R.- Civ. 37-1 within twenty calendar days of service of objections to discovery constitutes acceptance of the objections. As evidenced by the certificate of service of discovery responses and objections upon Defendant, Defendant was served with and in fact received Plaintiff's objections on August 7, 2009. However, Defendant failed to timely proceed under L.R. 26.6 thereby accepting Plaintiff's objections. Defendant has shown no good cause for its failure to meet the deadline as required for extension under L.R. 26.6. Smith and Nephew has historically presented an internal policy of denying any professional requests for extension in similar cases, and should not now be allowed to violate its own policy.   The *Motion for Extension* does not provide a basis for the motion to compel, as the issues presented could have easily been negotiated between the parties without necessity for court intervention. Further, Defendant's *Motion for Extension* was not verified by affidavit supporting its factual obligations. Finally,  in an attempt to persuade the court to pardon its error and grant an extension, instead of arguing good cause for an extension, Defendant unfairly seeks to blame Plaintiff has made misrepresentation of the date of its first attempt to contact Plaintiff regarding its issues the discovery responses, which was not until August 27 at 2:44 p.m. only hours prior to its deadline for raising such issues with the court. Defendant unfairly  blames Plaintiff for

4

its failure to confer or timely raise its issues with the discovery responses simply because Plaintiff could not respond to the late letter prior to the expiration of the deadline.

7.      Defendant seeks revision of discovery responses without timely conferring with Plaintiff, as required by the rules, and has missed its deadline for filing the *Motion to Compel.* Defendant now seeks Court intervention on matters which it failed to timely negotiate. Without waiving its objection to the *Motion to Compel* as untimely, (See Plaintiff's *Response to Motion to Extend,* Document 23 among the Court's filings) Plaintiff makes the following responses to each of Defendant's arguments presented in the late *Motion to Compel* to further demonstrate its good faith effort to resolve discovery issues without court intervention.

### III. RESPONSE TO DEFENDANT'S MOTION TO COMPEL

8.      Plaintiff's verification of interrogatories will be provided within 14 days to Defendant in supplementation to interrogatory answers.

9.      Plaintiff's objection that Defendant's *Requests for Production* 2, 5, and 6 are premature because response thereto is the subject of expert testimony and expert designation has not yet been requested by the Court, is in no way unclear, as Defendant alleges. Further, Defendant fails to note that there are other objections to these requests, including objection to their broad, non-specific wording and the privileged nature of documents which may be responsive to the request as worded. Plaintiff has complied with the discovery rules and has not withheld any information which is clearly responsive to the extremely broad requests. Regardless of the overly broad nature of Defendant's requests, more particular information supporting Plaintiff's claim cannot be provided at this time, as testifying experts have not yet been determined, and proof which will be used at time

of trial has not yet been decided.   Fed. R. Civ. P. 26(b)(4)(B) specifically provides that information

about consulting-only experts is not discoverable.   Defendant has provided no evidence for any

contention that  responsive documents which are relevant and discoverable subject to Plaintiff's

objections have been improperly withheld by Plaintiff as required by Fed. R. Civ. P. 37(a)(3)(B) and

34 (b)(1)(A), and therefore its *Motion to Compel* fails.

    10. In response to Defendant's request for privilege log, Plaintiff responds that it cannot

describe withheld documents with any greater particularity other than as follows:

**PRIVILEGE LOG**

Plaintiff withholds as privileged Plaintiff's entire litigation file
prepared by Plaintiff and counsel in anticipation of litigation,
including any non-party or consulting witness statements or other
information and materials prepared by Plaintiff's representatives or
consultants, including raw factual information, confidential reports
regarding inspections, examinations or tests or models and data
compilation; other file documents, including public information,
medical articles, journals and/or treatises studied in evaluation of the
merits of this case and trial strategy; as well as  preliminary potential
exhibits or lists of such exhibits;  or any other file  materials  that are
subject to work product privilege prepared by attorneys or consulting
experts in anticipation of litigation or attorney-client client privilege
consisting of communications between Plaintiff and counsel.

6

11.     Plaintiff has provided a HIPAA authorization which authorizes Defendant to obtain relevant medical records and bills in this case, which along with Plaintiff's petition, are responsive to Defendant's requests and set forth the allegations of Plaintiff.   Fact witnesses have been properly disclosed in Plaintiff's *Initial Disclosures*.   Plaintiff has responded to discovery as completely as possible at this point, and has produced  all the information currently in his possession, custody and control at this time which supports his claim, which is not privileged attorney work product or protected consulting expert information.   Plaintiff does not seek to put up a "smoke screen" as claimed by Defendant, but has in fact disclosed all proven facts and information known to Plaintiff prior to its discovery and investigation in this case which are not privileged or the result of strategical attorney work product or consulting expert review.   Plaintiff will further supplement at such time as responsive information which is not privileged nor the subject of consulting expert review becomes available pursuant to Fed. R. Civ. P. 26(e).   However, Defendant's attempt to discover the privileged theories of Plaintiff's attorneys or consulting experts at this time via *Motion to Compel* is an attempt to require Plaintiff to prematurely marshal its evidence and proof in this case, prior to discovery and prior to determinations as to expert witnesses, and such is improper and should be DENIED.

12.     Subject to and without waiving its objections and its objections to Defendant's *Motion to Compel,* in response to Defendant's request for more specificity with regard to how the medical records support the allegations in his complaint, Plaintiff clarifies that the facts contained therein support its claim, including but not limited to the fact that Plaintiff was implanted with a prosthesis designed, manufactured and marketed by Defendant with the same name as the prosthesis

which was recalled in 2003 for similar failures, as evidenced by the Chartstiks; the fact that such prosthesis loosened and failed in a way similar to the recalled device, requiring revision surgery, and the fact that there exists no medical reasoning for such loosening.

13.     Regarding Defendant's claim that if it were to submit a Rule 56 motion as to Plaintiff's claims at this time, Plaintiff would respond that such motion would not be proper until Plaintiff has been given an opportunity to discover pertinent information regarding the device. Plaintiff is entitled to discover design and testing specifications which will assist in proving its allegations that the device used in Plaintiff's surgery is defective in the same way as the recalled device.   However, Plaintiff's discovery of such information has been thwarted by Defendant's insistence upon a confidentiality agreement.   The parties are currently in negotiations regarding a stipulated confidentiality agreement which is before the court as Defendant's *Motion for Protective Order,* and which should be decided prior to Plaintiff's service of discovery upon Defendant. As Defendant has not yet even been served with discovery which would require production of evidence negating Plaintiff's claims, a dispositive motion would be premature.   "The general principle of Rule 56(f) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Jornigan v. N.M. Mut. Cas. Co.,* 2004 U.S.Dist. LEXIS 28285 (D.C.N.M. 2005), *Price v. Western Resources, Inc.,* 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc,* 477 U.S. at 250 n. 5).

14.     Regarding Defendant's claim that I tis entitled to probe Plaintiff's complete medical history for the past fifteen years, Defendant has shown no reason that information regarding all of Plaintiff's medical history for the nine years prior to the implantation of the Defendant's knee

8

prosthesis is necessary, nor has it provided any authority for such a broadly sweeping fishing expedition.    Plaintiff would not object to a reasonable request for specific records related to Plaintiff's knee treatment leading up to the decision to undergo a knee replacement, however, Defendant has not properly limited the scope of his request to relevant information.   In a good faith effort to provide the information Defendant argues it needs, Plaintiff will provide within 14 days to Defendant in supplementation to responses to request for production, a revised HIPAA authorization allowing Defendant access to all records of his original revising orthopedic surgeon, Dr. John Harmston which are in any way related to the knee replacement.   If any part of the doctor's office chart is withheld, it will be named in a privilege log, with Plaintiff's reasoning for such withholding.

15.    Regarding Defendant's claim that it is entitled to tax records prior to the date of the knee surgery, Plaintiff agrees to provide within 14 days to Defendant in supplementation to responses to request for production, an authorization for release of such records from five years prior to his original knee surgery.

16.    Regarding Defendant's claim that the response to Request for Production No. 5 allows for only the recovery of medical bills, Plaintiff rewords its response to state "medical bills and medical records", and directs Defendant to the previously produced HIPAA authorization which allows acquisition of medical bills *and* records.   Other than the medical bills and records, Plaintiff has no documents which are responsive to this request which are not privileged or protected as consulting expert review, as explained herein.

17.    In response to Defendant's contention that Plaintiff's objection to Request for Production 6 and 7 are merit-less because they are not responded to other than by objection, Plaintiff

supplements its response to state "subject to and without waiving the foregoing objections, Plaintiff states that testifying experts have not yet been determined, and agrees to supplement this response at such time as experts are identified."

### III. CONCLUSION

18.     Plaintiff has made a good faith effort to respond to the discovery requests of Defendant as completely as is possible prior to completion of discovery in this case. Plaintiff agrees to supplement such discovery as further responsive information is discovered. Plaintiff has provided herein clarification of its responses, has included a *Privilege Log* and has agreed to forward a revised authorizations  in order to allow Defendant access to discoverable information.  Therefore, court intervention on discovery issues is not necessary at this time.

WHEREFORE, premises considered, Plaintiff prays that the honorable court, upon consideration of Defendant's *Motions* and Plaintiff's *Responses*, enter an order DENYING such motions, and for such other relief as Plaintiff shows itself justly entitled.

Respectfully submitted,
HOUSSIERE, DURANT & HOUSSIERE, LLP


By:_____
Julie Mayes Hamrick
Texas State Bar No. 08878420
1990 Post Oak Blvd., Suite 800
Houston, Texas 77056-3812
Tel:(713)626-3700
Fax:(713)626-3709
Jhamrick@hdhtex.com
ATTORNEYS FOR PLAINTIFF, *pro hac vice*

and

KLIPSTINE & HONIGMANN


_/S/_____

JAMES W. KLIPSTINE, JR.
1601 N. Turner #400
Hobbs, NM 88240
Tel: (575) 393-1300
Fax: (575) 393-1869
jklipstine @windstream.net

LOCAL COUNSEL FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed with the clerk by using this court's ECF electronic filing system, and will be forwarded to the following attorneys through the system, as well as by facsimile on September 28, 2009.

Stephen Portell
Harrison, Miller, Pitt
Feldman & McAnally, PLC
One South Church Street, Ste. 900
Tucson, AZ 85701
Telephone 520-792-3836
Fax 520-624-5080

Thomas Outler
Rodey, Dickason, Sloan,
Akin & Robb, PA
P.O. Box 1888
Albuquerque, NM 87103
Telephone 505-768-7256
Fax 505-768-7395


_____
JULIE MAYES HAMRICK