IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE JIMENEZ,

    Plaintiff,

vs.

SMITH & NEPHEW, PLC, a foreign                    NO. CIV 09-416 MCA/DJS
corporation or entity; and SMITH &
NEPHEW, INC., a Delaware corporation,

    Defendants.

**REPLY IN SUPPORT OF MOTION TO EXTEND LR-CV 26.6 DEADLINE
FOR MOTION TO COMPEL DISCOVERY**

    Defendant Smith & Nephew, Inc. timely filed its Motion to Extend LR-CV 26.6 Deadline for Motion to Compel Discovery ("Motion") on August 28, 2009, with the goal of creating more time for the parties to discuss Plaintiff's patently inadequate discovery responses before Defendant was forced to seek this Court's assistance. In addition to refusing to respond to Defendant's letter outlining the deficiencies in Plaintiff's discovery responses, Plaintiff's counsel refused even to communicate about the requested extension of the LR-CV 26.6 deadline. Now, Plaintiff's counsel has responded in opposition to the Motion ("Response"). In so doing, Plaintiff essentially has refused Defendant's reasonable request for an extension of time without any justification. Defendant respectfully asks the Court to grant the Motion, and proceed to consider Defendant's Motion to Compel, filed September 14, 2009, addressing the numerous deficiencies in Plaintiff's discovery responses.

    It is a matter of both professional practice and common courtesy in New Mexico for lawyers to grant each other reasonable extensions of time during the course of litigation. This is particularly true during discovery, where parties routinely agree to extend deadlines for

answering discovery requests and also to extend deadlines for moving to compel discovery so that a full opportunity to resolve discovery disputes through discussion can be had without immediately turning to the Court. Moreover, New Mexico courts expect counsel for the parties to attempt in good faith to work out or at least narrow discovery disputes prior to bringing a motion to compel. *See, e.g.,* D.N.M.LR-CV 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). For these reasons, it is common for deadlines such as that in LR-CV 26.6 to be extended by agreement of and *for the benefit of* all parties and the Court.

Plaintiff's counsel has chosen to ignore this common practice and even to ignore the obligations of basic professional courtesy in New Mexico. Instead of simply answering "no" to Defendant's counsel's suggestion that the D.N.M.LR-CV 26.6 deadline be extended for the benefit of both parties, Plaintiff's counsel refused to communicate altogether until manifesting the "no" answer by filing a voluminous response brief that substantially has *no connection* to D.N.M.LR-CV 26.6 or to the issue at hand. Despite its grandiose appearance, the Response is nothing more than Plaintiff's counsel's refusal to agree to a reasonable request for an extension of time. The Response gives no rational basis for that refusal.

Plaintiff first argues that the Motion was untimely and therefore should not be considered. This argument betrays Plaintiff's counsel's failure to read the applicable rules. Plaintiff first "served" his written discovery responses by e-mail at 10:08 pm on Friday, August 7, 2009, which of course Defendant's counsel did not open until the morning of Saturday, August 8. *See* Exhibit 1. Because this was electronic service, it was the equivalent of service by mail. *See* D.N.M.LR-5.1. As such, Defendant was required to meet or seek an extension of the D.N.M.LR-CV 26.6 deadline by August 31, 2009 (20 days plus 3 mailing days). Moreover, on

its face, D.N.M.LR-CV 26.6 states that where, as here, the discovery response indicates that documents will be produced, the 20-day period does not start until after the actual production. Here, Defendant first received Plaintiff's meager and inadequate document production on August 12, 2009. As such, the D.N.M.LR-CV 26.6 deadline was September 1, 2009. By either counting, Defendant's Motion was timely filed on August 26, 2009.

Plaintiff next argues that the Motion should be denied because it did not attach a copy of any motion to compel. The local rule has no such attachment requirement, nor would such an attachment make sense when the purpose of extending the deadline is to allow for a discussion to take place that has the possibility of negating the need for a motion to compel. Moreover, Plaintiff's claim that he was "unable to analyze and measure the impact of delay in agreement to the extension" is disingenuous; Plaintiff's counsel was well-aware of the issues that now have been addressed in the filed Motion to Compel, having received, *and ignored*, the undersigned's letter addressing the deficiencies in Plaintiff's discovery responses.

Finally, Plaintiff appears to argue that his discovery responses were "carefully considered and require[d] extensive thought and preparation," but, because Plaintiff did not ask for an extension to give those responses, then Defendant's D.N.M.LR-CV 26.6 should not be extended either. First, Plaintiff's discovery responses for the most part simply repeat boiler plate and baseless objections, give very little responsive information, and in many cases do not even end in complete sentences; in short, they do not betray "extensive thought and preparation," but rather an effort at evasion. Moreover, the fact that Plaintiff sought no extension to give inadequate responses should have no bearing on Defendant's effort to extend the D.N.M.LR-CV 26.6 deadline in an attempt to address those deficiencies prior to seeking the Court's assistance. The

3

purpose of extending the D.N.M.LR-CV 26.6 deadline in the first place was to give Plaintiff an opportunity actually to produce complete and adequate discovery responses.

In short, Plaintiff's counsel have offered the Court no justification for their refusal to take part in any good faith discussion about Plaintiff's inadequate discovery responses, nor any justification for refusing a simple request for an extension of time designed to benefit both parties and the Court. Defendant respectfully asks the Court to grant the Motion, and to move forward with consideration of Defendant's Motion to Compel.

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By  /s/  Thomas A. Outler

P.O. Box 1888
Albuquerque, NM 87103
Tel:     (505) 768-7256
Fax:    (505) 768-7395

**HARALSON, MILLER, PITT, FELDMAN & McANALLY PLC**

Stephen T. Portell
One S. Church Ave., Suite 900
Tucson, Arizona  85701
Tel:     (520) 792-3836
Fax:    (520) 624-5080

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 28, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive electronic service.

    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

    By    /s/  Thomas A. Outler