IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE JIMENEZ,

    Plaintiff,

vs.

SMITH & NEPHEW, PLC, a foreign                     NO. CIV 09-416 MCA/DJS
corporation or entity; and SMITH &
NEPHEW, INC., a Delaware corporation,

    Defendants.

**DEFENDANT SMITH & NEPHEW, INC.'S REPLY IN SUPPORT
OF MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

Plaintiff's response in opposition to Defendant Smith and Nephew's Motion to Compel ("Motion") does not substantially address the inadequacy of Plaintiff's discovery responses or remedy Plaintiff's complete failure to communicate in good faith regarding the discovery process. Defendant submits this reply brief only to address certain points raised in Plaintiff's response brief, but Defendant renews its request that the Court address all of the issues raised in the Motion to Compel and grant the relief sought therein.

**I.    PLAINTIFF HAS APPROACHED THE DISCOVERY PROCESS IN BAD FAITH**

Plaintiff dedicates half of his response brief to empty arguments and disengenuous statements about issues other than those raised in the motion to compel. Most galling in this litany is Plaintiff's suggestion that Defendant's Motion was premature because Defendant had not attempted to discuss the issues raised therein with Plaintiff prior to filing the Motion, the same issue that has been fully briefed through Defendant's Motion to Extend LR-CV 26.6 Deadline for Motion to Compel Discovery. As set forth there, and in the Motion, Defendant plainly did attempt to discuss the discovery deficiencies with Plaintiff's counsel, and *Defendant*

*has received no response whatsoever even to date*. In fact, in an essentially unheard of tactic before this Court, Plaintiff even opposed Defendant's effort to extend the time period for that discussion to take place.

In short, Plaintiff has showed no interest in taking part in any good faith discussion about the discovery process. For Plaintiff thus to suggest that the Motion to Compel is premature because Defendant failed to make that attempt is nothing more than gamesmanship, and sets a bad tone for the discovery process in this action. Plaintiff's extensive argument and discussion on this point should be ignored.

**II.     PLAINTIFF HAS FAILED TO ADDRESS ANY OF THE DEFICIENCIES IN PLAINTIFF'S DISCOVERY RESPONSES**

*A.     Plaintiff's Interrogatory Answers Remain Unverified*

Plaintiff at least concedes in his response brief that he is required to give his interrogatory answers under oath. As of the filing of this reply brief, however, Plaintiff still has provided no form of verification of those answers. Defendant asks the Court to order Plaintiff to do so.

*B.     Plaintiff's Attempt to Provide a Privilege Log is Woefully Inadequate*

It was unclear from Plaintiff's original discovery responses as to whether Plaintiff was indeed withholding from production otherwise discoverable information based on a claim of privilege or work product protection. Plaintiff has made clear in the response brief, however, that he has withheld apparently copious amounts of information from production based on such a claim. As such, Plaintiff is required to provide a privilege log under Rule 26(b)(5)(A), and Plaintiff's attempt simply to describe the withheld information in one paragraph in the response brief does not meet the requirement of that rule. "As has been the law in this circuit for 25 years, the party ... asserting a privilege must prepare a privilege log identifying the documents; the authors; the recipients; the subject matter; and the nature of the privilege claimed." *See Stark-*

*Romero v. The National Railroad Passenger Company*, No. Civ 09-295 MV/RLP [Docket No. 52], citing to *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). Plaintiff's "privilege log" includes *none* of these required elements.

Moreover, many items within the string description Plaintiff gives of the documents he is withholding under claim of privilege do not, at least according to Plaintiff's own description, appear to be privileged or work product material. For example, Plaintiff claims he is withholding "raw factual information, confidential reports regarding inspections, examinations or tests or models and data compilation, ... public information, medical articles, journals and/or treatises, ... [and] preliminary potential exhibits." In short, Plaintiff appears to be withholding a wealth of information responsive to Defendant's discovery requests under claim of privilege where no such privilege exists.

Defendant asks the Court to order Plaintiff to produce a privilege log that complies with the law, and further to produce any responsive information in Plaintiff's possession, custody, or control for which no legitimate and good faith claim of privilege exists.

    **C.**    ***Plaintiff's Provided Medical Release Is Inadequate***

In the Motion Defendant sets forth the basis for requesting access to Plaintiff's medical history from 1994 to date. Plaintiff makes no argument as to why that history is not discoverable, or why the request (which is simply to provide an authorization allowing release of medical records from that date forward) is overbroad, unduly burdensome, or otherwise objectionable. Rather, Plaintiff responds only with the suggestion that "[Defendant] has [not] provided any authority for such a broadly sweeping fishing expedition." Response at 9.

Quite apart from the fact that inquiry into the plaintiff's medical history in a case about a medical injury can hardly be considered a "fishing expedition," Plaintiff misstates the burden

3

with regard to resisting discovery. In this, as in any case, the party resisting discovery bears the burden of showing that the discovery request is overbroad, unduly burdensome, or otherwise seeks non-discoverable information. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661-62, 666 (D.Kan 2004). Plaintiff plainly has not met his burden with regard to this discovery request, or with regard to any of Defendant's discovery requests.

Plaintiff does concede that he should and will provide a medical release that at least allows for access to the complete chart from his orthopedic surgeon. It is unfortunate that it took Defendant's filing of the Motion for Plaintiff to concede that his medical history with the very doctor who implanted the device that Plaintiff now claims was defective is discoverable. This is the very most basic discovery information in a case of this type, and Plaintiff's refusal initially to provide access to this information illustrates Plaintiff's bad faith in the the discovery process overall.

In any event, even if Plaintiff does release his orthopedic surgeon's entire chart, that will not address Defendant's right to examine Plaintiff's entire medical history for a reasonable period of time prior to the date of occurrence in the pleadings (2003). For the reasons set forth in the Motion, Defendant asks the Court to order Plaintiff to produce a medical release, using this Court's form, allowing Defendant to access records of all of Plaintiff's medical care from 1994 to present.

### D. *Plaintiff Has Provided None of the Supplementations Promised in His Response.*

In addition to his promise to provide a verification of his interrogatory answers and a medical release to allow Defendant access to Plaintiff's orthopedic surgeon's chart, Plaintiff also promised in the response to provide Defendant an authorization for the release of Plaintiff's tax records from five years prior to the date of occurrence in the pleadings. Response at 9. Although

4

the promised date for each of these supplementations (October 12) has passed, Plaintiff has provided none of them, nor has Plaintiff's counsel attempted to communicate with Defendant's counsel in any way regarding these supplementations or regarding any of the discovery issues.

## III.   CONCLUSION

Apart from promising several supplementations of the prior inadequate discovery responses, none of which have been delivered, Plaintiff's response has not advanced resolution of the issues raised in the Defendant's Motion to Compel. As a result, Smith & Nephew, Inc. respectfully must ask the Court to review and address all of the issues raised in the Motion to Compel, and to issue an order directing Plaintiff to supplement his discovery responses as set forth therein.

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By   /s/  Thomas A. Outler

P.O. Box 1888
Albuquerque, NM 87103
Tel:   (505) 768-7256
Fax:   (505) 768-7395

**HARALSON, MILLER, PITT, FELDMAN & McANALLY PLC**

Stephen T. Portell
One S. Church Ave., Suite 900
Tucson, Arizona  85701
Tel:   (520) 792-3836
Fax:   (520) 624-5080

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 15, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive electronic service.

    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

    By    /s/  Thomas A. Outler