IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE JIMENEZ,

    Plaintiff,

vs.

SMITH & NEPHEW, PLC, a foreign           NO. CIV 09-416 MCA/DJS
corporation or entity; and SMITH &
NEPHEW, INC., a Delaware corporation,

    Defendants.

**REPLY IN SUPPORT OF MOTION FOR ENTRY
OF PROTECTIVE ORDER OF CONFIDENTIALITY**

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) Defendant Smith & Nephew, Inc. moved the Court to enter a Protective Order of Confidentiality ("Motion"), and the Motion identified Plaintiff's insistence on the inclusion of a sharing provision within the requested protective order ("Confidentiality Order") as the primary substantive dispute between the parties on this issue. Plaintiff's response in opposition to the motion confirms that the sharing provision remains the primary focus of the dispute. Plaintiff's response, however, dramatically misstates the purpose of the Motion and of Defendant's proposed Confidentiality Order, and Plaintiff proposes no alternative that in any way would facilitate the efficient exchange of discovery *in this case* better than Defendant's proposed order. Defendant respectfully asks the Court to enter the Confidentiality Order in the form attached to the Motion.

**I.    PLAINTIFF'S INSISTENCE ON A SHARING PROVISION IS UNWARRANTED AND OF NO ASSISTANCE TO THE DISCOVERY PROCESS IN THIS CASE**

Plaintiff concedes that the entry of a protective order of confidentiality is appropriate in this action, but Plaintiff objects for several reasons to Defendant's proposed form of order. Plaintiff's chief complaint about Defendant's form is that it would not allow Plaintiff to share

confidential material produced here with other plaintiff attorneys outside of New Mexico who have no connection to or interest in this litigation. Should Plaintiff's demand for document sharing be given in to here, then Plaintiff effectively will have used this Court to evade the ability of judges in other courts to supervise and control the discovery process before them.

To date, the present case is the only case filed against Defendant anywhere in which a plaintiff claims defect with Defendant's Porous Profix® device. As such, there simply are no substantially similar cases anywhere, such that allowing sharing of confidential documents produced in this action would provide for legitimate judicial economy. In truth, effecting judicial economy and efficient discovery is not Plaintiff's counsel's goal. Rather, Plaintiff's counsel is merely forum shopping for one court, any court, that will allow document sharing, so that Plaintiff's counsel can avoid the supervision and scrutiny of all the remaining courts in which Plaintiff's counsel or the attorneys in their referral network who now have or who may in the future have actions against Defendant. If Plaintiff's counsel succeeds in finding just one court to allow unfettered document sharing among Plaintiff's counsel's colleagues, then that ruling will moot the efforts of all other courts to set limits on documents discovery appropriate to the nature of the cases before them.

As set forth in the Motion, *Bertetto v. Novartis AG, et al*, No. Civ 06-1136 JH/ACT, this Court already has reasoned through a situation identical to the one briefed here. Plaintiff has offered no justification for this Court to depart from its earlier analysis and ruling. The *Bertetto* opinion is complete, well-reasoned, well-founded, and directly on point to the present Motion. Defendant respectfully asks that this Court accept its own prior analysis of the sharing provision issue and enter the Confidentiality Order as proposed by Defendant.

## III. DEFENDANT'S PROPOSED ORDER DOES NOT OVERBURDEN PLAINTIFF'S USE OR HANDLING OF CONFIDENTIAL INFORMATION

Plaintiff argues repeatedly in the response brief that, while he agrees that entry of a protective order of confidentiality is appropriate, Defendant's proposed form of order would place an "incredible burden" on what Plaintiff's counsel describes as the "management of information in this case." *See* Response at 3, 6. Notably, however, nowhere does Plaintiff describe exactly what this "incredible" increased burden would be over and above its typical document control efforts within this litigation. In truth, this argument is empty hyperbole. The persons who will be "burdened" by implementation of the Confidentiality Order are non-parties who are not before this Court.

## III. DEFENDANT'S PROPOSED ORDER WILL FACILITATE, NOT HINDER DISCOVERY

Plaintiff argues that the Confidentiality Order will give Defendant too much control over the designation of confidential material and that Defendant will use the Confidentiality Order as tool for preventing the discovery of relevant information in this case. Neither argument is timely or has any basis in reality.

Defendant has the obligation under the Confidentiality Order to designate as confidential only those materials that legitimately should be considered confidential under Rule 26(c)(1)(G) and the case law interpreting that rule. If Plaintiff disagrees that any designated documents deserve the protection of confidentiality, the Confidentiality Order provides a mechanism for Plaintiff to challenge Defendant's designations, both through discussions with Defendant's counsel and before the Court. If any such challenge is made, it will be Defendant's burden to show that the confidential designation should apply. This typical process is streamlined, workable, and in practice rarely results in disputes that require court intervention. In short, Plaintiff's argument that the Confidentiality Order gives Defendant too much control over the

3

discovery process is not supported by law or based on any actual experience with Defendant or with similar protective orders of confidentiality.

Similarly empty is Plaintiff's argument that Defendant will somehow use the Confidentiality Order as a tool to avoid disclosure of information relevant in this litigation. As a primary matter, this argument is untimely, as Plaintiff has not served any discovery requests to date, and therefore the breadth of Defendant's response to such discovery is not in question. More importantly, Plaintiff simply has no good faith reason to make this argument. The Rules of Civil Procedure, rather than the Confidentiality Order, will govern the scope of discovery in this action. Defendant will be obliged to and will produce all relevant and non-privileged information in its possession, custody, and control that is responsive to any discovery request by Plaintiff, regardless of whether Defendant also designates portions of such material as confidential subject to the Confidentiality Order. In short, the Confidentiality Order will in no way change Defendant's discovery obligations, nor will it limit Plaintiff's ability to challenge teh adequacy of Defendant's discovery responses as provided by the appropriate rules.

Plaintiff's accusations that the Confidentiality Order will allow Defendant to prevent discovery are unfounded. In fact, following the Tenth Circuit's reasoning, entry of the Confidentiality Order will actually facilitate the exchange of relevant discovery in this action and create fewer discovery disputes. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("[T]he assurance of confidentiality may encourage disclosures that otherwise would be resisted.").

IV.     **CONCLUSION**

Defendant respectfully asks the the Court to enter the Confidentiality Order, and to reject Plaintiff's demand that the Confidentiality Order include any provision for the sharing of confidential discovery information outside of this litigation and beyond the supervision of this Court.

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By     /s/  Thomas A. Outler

P.O. Box 1888
Albuquerque, NM 87103
Tel:    (505) 768-7256
Fax:   (505) 768-7395

**HARALSON, MILLER, PITT, FELDMAN & McANALLY PLC**

Stephen T. Portell
One S. Church Ave., Suite 900
Tucson, Arizona  85701
Tel:    (520) 792-3836
Fax:   (520) 624-5080

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive electronic service.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By     /s/  Thomas A. Outler