IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE JIMENEZ,

    Plaintiff,

vs.

SMITH & NEPHEW, PLC, a foreign               NO. CIV 09-416 MCA/DJS
corporation or entity; and SMITH &
NEPHEW, INC., a Delaware corporation,

    Defendants.

**DEFENDANT SMITH & NEPHEW, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

    Defendant Smith & Nephew, Inc. hereby asks the Court to deny Plaintiff's request to file a surreply to extend the now completed briefing on Defendant's Motion to Compel Discovery from Plaintiff ("Motion"). Plaintiff's proposed surreply sets forth no fact or argument that Plaintiff could not have addressed in his response brief to the Motion, and indeed the proposed surreply simply continues Plaintiff's empty effort to justify his failure to produce complete discovery responses and act in good faith during the discovery process. In short, the proposed surreply adds nothing to the already complete briefing package before the Court on the Motion.

    The Motion is fully briefed and ready for ruling by the Court or for oral argument as requested by Defendant. Defendant asks the Court to deny Plaintiff leave to file the proposed surreply, and proceed to hearing and decision on the Motion.

**I.**    **PLAINTIFF HAS NOT PRESENTED ANY LEGITIMATE REASON FOR ADDING A SURREPLY TO THE ALREADY COMPLETE BRIEFING PACKAGE ON THE MOTION**

    The purpose of a surreply is to allow the non-moving party to respond to new legal argument or evidentiary material that the moving party includes for the first time in a reply brief.

*See, e.g., Doebele v. Sprint/United Mgt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003). Here, however, no such context exists, and Plaintiff has not even tried to argue that his surreply is somehow intended to address new matters or arguments first raised in Defendant's reply in support of the Motion. Rather, Plaintiff concedes that "[m]any of the matters raised in Defendant's *Motion* are addressed by the Sur-reply." In other words, by his proposed surreply, Plaintiff intends only to continue, and in some cases even change, the empty explanations and excuses he made in his response as to why he has not complied with his discovery obligations. This is not the purpose of or adequate justification for a the filing of a surreply, and Plaintiff's motion for leave should be denied.

**II.    PLAINTIFF CAN EXPLAIN WHY HIS DISCOVERY RESPONSES ARE DEFICIENT AT ORAL ARGUMENT**

All issues raised in the Motion have been briefed fully by the parties, and the Court has what it needs to decide the Motion. In advance of that decision, however, Defendant has asked to present oral argument on both the Motion and on Defendant's separate Motion for Entry of Protective Order of Confidentiality [Docket 23], principally to clarify for the Court the status of cases brought by Plaintiff's counsel against Defendant in other jurisdictions, what issues and decisions are pending in those other matters that may affect this Court's analysis, and how this Court's rulings may affect the parties in those other actions. If the Court decides to set these matters for oral argument, then Plaintiff will have that opportunity to further explain the deficiencies in his discovery responses. Plaintiff's proposed written surreply adds nothing substantive to the record of the Motion, however, and should not be allowed.

## III. CONCLUSION

As the Motion record is complete without any surreply, as Plaintiff has demonstrated no legitimate basis for a surreply, and as any additional arguments Plaintiff wishes to make regarding the Motion can be made at oral argument, Defendant respectfully asks the Court to deny Plaintiff's motion for leave to file a surreply in opposition to the Motion.

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By      /s/  Thomas A. Outler

P.O. Box 1888
Albuquerque, NM 87103
Tel:    (505) 768-7256
Fax:    (505) 768-7395

**HARALSON, MILLER, PITT, FELDMAN & McANALLY PLC**

Stephen T. Portell
One S. Church Ave., Suite 900
Tucson, Arizona  85701
Tel:    (520) 792-3836
Fax:    (520) 624-5080

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive electronic service.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By      /s/  Thomas A. Outler