IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSE JIMENEZ,**

    **Plaintiff,**

vs.                                                    No.  09cv0416 MCA/DJS

**SMITH & NEPHEW, PLC, a foreign corporation or entity, and SMITH & NEPHEW, INC., a Delaware Corporation,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on (1) Defendant Smith & Nephew, Inc.'s Motion to Compel Discovery from Plaintiff (**Doc. No. 22**) filed on September 14, 2009, and fully briefed on October 15, 2009, and (2) Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Response to Opposition to Motion to Compel (**Doc. No. 34**) filed on October 20, 2009, and fully briefed on December 9, 2009.  Having reviewed the motions, the memoranda in support and in opposition, and the relevant law, the Court finds that Plaintiff's motion for leave to file a sur-reply is not well taken and will be denied.  Defendant's motion to compel will be granted in part and denied in part.

### I.  Background

This is a product liability action.  Plaintiff alleges he suffered damages as a result of Defendant's defective prosthetic knee device.  Specifically, Plaintiff alleges that on April 2, 2003, John Harmston, M.D., performed a total left knee arthroplasty at Lea Regional Medical

Center in Hobbs, New Mexico.  Compl. ¶5.  Dr. Harmston used "prosthetic devices and component parts designed, manufactured and marketed by Defendant." *Id.*

On June 28, 2006, Plaintiff sought treatment from Dr. Harmston for pain in his left knee. *Id.* ¶6.  The physician took x-rays of Plaintiff's left knee which revealed a loosening of the implant.  Dr. Harmston recommended surgery to remove the prosthetic device and component parts.  *Id.*

On July 6, 2006, Dr. Harmston performed a left knee revision arthroplasty.  *Id.*  The operative report from the revision surgery indicated the prosthetic device and component parts were not as warranted by Defendant.  *Id.*  Plaintiff contends Defendant marketed the prosthetic device and component parts as "porous" and as devices which were to be used without cement and designed and manufactured in a manner that promoted the growth of a patient's bone into the implant.  *Id.*  Removal of the prosthetic device and component parts revealed there was no sign of bony growth, enabling Dr. Harmston to easily extract and remove them.  *Id.*  Dr. Harmston replaced the prosthetic device and component parts with another manufacturer's implant devices.  *Id.*

Following the revision surgery, Plaintiff underwent physical therapy and continued to receive follow up care from Dr. Harmston.  *Id.* ¶7.  Nonetheless, Plaintiff continued to experience pain and swelling in the left knee.  Dr. Harmston referred Plaintiff to Dr. Alan Altman, a specialist.  *Id.*  On October 26, 2008, Dr. Altman performed a second left knee revision at Presbyterian Hospital in Albuquerque, New Mexico.  *Id.*

Consequently, Plaintiff contends he suffers from continuing pain, swelling, scarring, instability, disability and disfigurement.  *Id.* ¶8.  Plaintiff received follow up treatment from Drs. Altman and Harmston, who confirmed there is nothing further they can do to resolve his

symptoms. *Id.* Plaintiff contends his knee condition completely incapacitated him as he is unable to perform the basic functions of everyday life. *Id.* ¶9.

## II. Discussion

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED.R.CIV.P. 26(b)(1). The relevancy requirement is construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in litigation. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Nonetheless, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." FED.R.CIV.P. 26(b)(1).

> Rule 33 of the Federal Rules of Civil Procedure governs interrogatories and provides:
>
> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, <u>but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time</u>.

FED.R.CIV.P. 33(a)(2)(emphasis added).

Federal Rule of Civil Procedure 34 governs requests for production of documents. Rule 34 requires a written response to a request for production to state with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. FED.R.CIV.P. 34(b)(2)(A) & (B). If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. FED.R.CIV.P. 34(b)(2)(C). Subsection (b) also

3

provides that a party who produces documents for inspection shall produce them "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  FED.R.CIV.P. 34(b)(2)(E)(i)

Under subsection (a), a party may be required to produce relevant documents and tangible things that are within its "possession, custody or control."  FED.R.CIV.P. 34(a)(1).  "[C]ontrol comprehends not only possession but also the right, authority, or ability to obtain the documents."  *Comeau v. Rupp*, 810 F.Supp. 1127, 1166 (D.Kan. 1992).

Defendant contends it "has a right to know the factual basis, if any, of Plaintiff's claims as part of general discovery."  Def.'s Mot. Compel at 3.  Interrogatory No. 1 "requires Plaintiff to set forth every fact known to Plaintiff that supports Plaintiff's denial of each of Defendant's Requests for Admission."  *Id.* at 4.  Specifically, Defendants ask Plaintiff to (1) state the factual basis for his claim that the subject orthopedic devices were defective; (2) state the factual basis for his claim that Plaintiff's damages were caused by the subject orthopedic devices and not caused by something other than the subject orthopedic devices; (3) state the factual basis for his claim that the subject orthopedic devices became loose in Plaintiff's body because the devices were defective; (4) state the factual basis for his claim that Defendant acted with culpable intent as alleged in the Complaint; and (5) state the factual basis for his claim that Defendant engaged in culpable conduct as alleged in the Complaint.  *Id.* at 4-5.

Interrogatory No. 2 "essentially asks Plaintiff to identify where he bases his claims upon the statement or opinion of another person, and to identify such persons with sufficient particularity such that the discovery process can be continued with respect to them."  *Id.*  Interrogatory No. 3 asks Plaintiff "to identify specifically the documents that he believes support the allegations in his Complaint and the custodians of such documents."  *Id*. at 6.  Interrogatory

4

No. 4 "seeks those specific facts known to Plaintiff that support each of his [Requests for Admission] denials." *Id.*

In essence, Defendant wants Plaintiff to answer contention interrogatories. Contention interrogatories may be used to narrow and define the issues for trial. *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535 (D.Kan. 2006). However, "'fairness dictates that parties not be forced to prematurely take a position, which would force an artificial narrowing of the issues, instead of an informed paring down.'" *In re Northfield Laboratories inc. Securities Litigation,* – F.R.D. – , 2009 WL 4639678, at *5 (N.D.Ill. Dec. 8, 2009)(quoting *Ziemack v. Centel Corp.,* 1995 WL 729295, at *2 n. 3 (N.D.Ill. Dec. 7, 1995).

In this case, the termination date for discovery is April 30, 2010 (Doc. No. 15). The deadline for filing motions relating to discovery is May 10, 2010 (Doc. No. 15), and the pretrial conference is set for October 5, 2010 (Doc. No. 24). In order to avoid multiple supplemental answers or artificially narrowing the issues, the Court will deny Defendant's motion as premature at this time. Plaintiff will answer Interrogatories Nos. 1-4 at the close of discovery.

Request for Production No. 2 "seeks any documentary or other tangible support for Plaintiff's claims in the Complaint." Def.'s Mot. Compel at 7. Request for Production No. 5 seeks "[a]ll documents relating to the cause of YOUR alleged DAMAGES including, but not limited to, inspections, examinations or tests conducted by YOUR treating physicians or YOUR agents, representatives or experts." *Id.*; Def.'s Ex. 1. Request for Production No. 6 seeks "[a]ll reports and other documents and tangible things, including models, data compilation and other materials, prepared by an expert relating to the PLAINTIFF or to the ALLEGATIONS." *Id.*

5

Plaintiff contends Requests for Production Nos. 2, 5, and 6 are premature.  Plaintiff's objection is sustained in part.   Plaintiff will produce any documents responsive to Requests for Production Nos. 2 at the close of discovery.  Plaintiff shall respond to Requests for Production Nos. 4 and 6 ten (10) days from the date of the filing of this order.

Request for Production No. 3 seeks "records and reports of all physicians who have treated PLAINTIFF for the last fifteen (15) years."  *Id.*; Def.'s Ex. 1.  Plaintiff objected to this request arguing it required him "to divulge documents or tangible items not appropriately limited by reasonable date or subject matter."  *Id.*  Pl.'s Resp. at 7.  Plaintiff argues that he should not be required to produce his "medical history for the nine years prior to the implantation of the Defendant's knee prosthesis."  *Id.* at 8.  Nonetheless, Plaintiff has provided Defendant with a revised HIPAA authorization, allowing Defendant access to all records of his original revising orthopedic surgeon, Dr. John Harmston.

Defendant contends that "even if Plaintiff does release his orthopedic surgeon's entire chart, that will not address Defendant's 'right to examine Plaintiff's entire medical history for a reasonable period of time to the date of occurrence in the pleadings (2003)."  Def.'s Reply at 4.  Defendant moves the Court to order Plaintiff to produce a medical release which would allow Defendant access to Plaintiff's medical records from 1994 to the present.  The Court will grant Defendant's request but for a more reasonable period of time.  Plaintiff shall provide Defendant with a revised HIPAA authorization for his medical records from 1999 to the present.

Request for Production No. 4 seeks Plaintiff's "complete federal and state income tax returns for the last fifteen (15) years."  Def.'s Mot. Compel; Ex. 1.  Plaintiff objected to this request on the grounds that it was "not appropriately limited by reasonable date or subject matter."  *Id.*  Plaintiff has agreed to supplement his response and provide Defendant with "an

6

authorization for release of records from five years prior to his original knee surgery." Pl.'s Resp. at 9. However, Defendant complains it has not received this supplementation. If Plaintiff has not already provided this supplementation, he should do so ten (10) days from the date of the filing of this order.

Request for Production No. 7 seeks "[a] copy of the curriculum vitae or resume of all expert witnesses who YOU may call as a witness at trial." Def.'s Mot. Compel at 15. Plaintiff objected to this request as premature. Plaintiff's deadline for expert witness disclosure and reports was January 15, 2010. If Plaintiff has not responded to Request for Production No. 7, he should do so ten (10) days from the date of the filing of this order.

Finally, if Plaintiff is withholding otherwise discoverable information based on a claim of attorney-client privilege or attorney-work product, Plaintiff should provide a privilege log pursuant to Rule 26(b)(5)(A).

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Response to Opposition to Motion to Compel is denied.

**IT IS FURTHER ORDERED** that Defendant Smith & Nephew, Inc.'s Motion to Compel Discovery from Plaintiff is granted in part and denied in part.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**