IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSE JIMENEZ,**

      **Plaintiff,**

**vs.**                                                                                                              **No.  09cv0416 MCA/DJS**

**SMITH & NEPHEW, PLC, a foreign
corporation or entity, and SMITH &
NEPHEW, INC., a Delaware Corporation,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on (1) Defendant Smith & Nephew, Inc.'s Motion For Entry of Protective Order of Confidentiality **[Doc. No. 23]** filed on September 17, 2009, and fully briefed on October 19, 2009, and (2) Defendant's Request for Oral Argument [**Doc. No. 34**] filed on October 19, 2009.  Having reviewed the motions, the memoranda in support and in opposition, and the relevant law, the Court finds that Defendant's Request for Oral Argument is not necessary and will be denied.  The Court further finds that Defendant Smith & Nephew, Inc.'s Motion For Entry of Protective Order of Confidentiality will be denied.

### I.  Background

This is a product liability action.[1]  The parties agree they will be requesting and exchanging documents containing medical, financial, trade secret or commercially-sensitive information that should be kept confidential from non-parties to this litigation.  Hence,

---

[1] The Court set forth the facts of this case in its January 25, 2010 Memorandum Opinion and Order.

Defendant sent Plaintiff its proposed Confidentiality Order.  Def.'s Mot. Entry of Protective Order; Ex. 1.  Plaintiff objected to Defendant's proposed Confidentiality Order on the grounds that it did not contain a "sharing agreement."  *Id.*; Ex. 2.  Defendant opposes adding a "sharing agreement" to the Confidentiality Order, arguing it "would allow Plaintiff's counsel to distribute confidential information produced by Defendant to other plaintiff's attorneys and non-parties around the country without any limitation and without any notice to Defendant or this Court, thus undermining the very reason for entry of such an order, to protect confidential information by limiting its disclosure outside of the litigation."  Def.'s Mot. Entry of Protective Order at 2.  Additionally, Defendant contends Plaintiff refuses to name the people with whom Plaintiff would share confidential information.  Moreover, Defendant asserts the present case is the only case filed against it involving claims that its Porous Profix® device is defective.

Plaintiff objects to Defendant's proposed Confidentiality Order on the grounds that it is overly broad, gives Defendant sole discretion in determining what information is confidential, and allows Defendant to redact information before any determination of its discoverability.  Plaintiff also objects to the proposed Confidentiality Order because it contains "no provision for the sharing of discovery information among litigants similarly situated, with current or potential cases against this defendant for same or substantially similar failures of the same or substantially similar knee prostheses."  Pl.'s Resp. at 2.  Finally, Plaintiff objects on the grounds that Defendant's motion is premature because Plaintiff has not served discovery requests upon Defendant and because Defendant has not conferred in good faith with Plaintiff in negotiating the terms of the confidential agreement.  Plaintiff also submitted his own proposed Confidentiality Order.  Pl.'s Resp.; Ex. A.  Plaintiff's proposed Protective Order contains a

"sharing agreement."  *See* Ex. A, Plaintiff's Proposed Protective Order, Section III, ¶17, section (C).

In *Bertetto v. EON Labs, Inc.*, No. Civ. 06-1136 JH/ACT, Judge Herrera addressed the same issue, i.e., Defendants' objections to "an information-sharing provision in a protective order" entered in the case.  In entering the challenged protective order, the magistrate judge relied upon language found in *United Nuclear Corp. v. Cranford*, 905 F.2d 1424, 1428 (10th Cir. 1990)("[W]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.").  Judge Herrera distinguished *United Nuclear* from the case before her, sustained Defendants' objections, and ordered the information-sharing provision stricken from the protective order.  Mem. Op. at 2 (Doc. No. 130).  Specifically, Judge Herrera found, in pertinent part:

> The language in *United Nuclear* cited by the Magistrate Court makes sense in the context of that case, but not in this one.  The context of *United Nuclear* was that of a collateral party petitioning the court for a modification of an existing protective order to enable the collateral party to receive materials that had already been disclosed to the initial plaintiff in the litigation.  Thus, an actual collateral party had to meet court approval in order to receive the discovery materials. In this case, the Plaintiffs are preemptively seeking discovery for potential future plaintiffs, and no collateral party even exists yet.  Under the information-sharing provisions of paragraph 7(d), the court would be abdicating its role in approving future discovery (as well as potentially usurping a collateral court's role in managing discovery in a collateral case) rather than deliberately choosing to modify an existing agreement. The lack of oversight by any court over the sharing of Defendants' confidential business information by Plaintiffs make this case completely different from *United Nuclear*.
>
> It is also far from clear that provision would "place [collateral] litigants in a position they would otherwise reach only after repetition of another's discovery."  A collateral suit could be dismissed for any number of reasons prior to discovery, or the full extent of the information given to the current Plaintiffs might go to issues not relevant in the collateral suit, and therefore would not be available to the collateral plaintiffs if they had to go through a standard discovery process.  Because the

>provision would result in dissemination of Defendants' confidential information being removed from any meaningful court oversight and left completely in the hands of the Plaintiffs' attorneys, and such information would be available to any plaintiff who simply filed a suit against Defendants, regardless of the suit's merits or the relevance of the materials to the suit, the Court finds that the provision would "tangibly prejudice substantial right" of Defendants, as prohibited under *United Nuclear.*

*Id.* at 4-5.

The Court finds Judge Herrera's analysis persuasive. In this case, there also is no "collateral party petitioning the court for a modification of an existing protective order . . . ." *Id.* at 4. Thus, there would be no meaningful court oversight of any dissemination of Defendant's confidential information, prejudicing Defendant. Thus, the Court will deny Plaintiff's request to approve his proposed Protective Order because it contains an "information-sharing" provision.

The Court also considered Plaintiff's objections to Defendant's proposed Protective Order of Confidentiality. First, Plaintiff's objection that Defendant's proposed Protective Order is premature because Plaintiff has not served Defendant with any discovery requests is no longer an issue as discovery terminates on April 30, 2010; thus, discovery should be well under way. Second, Plaintiff misconstrues Defendant's proposed Protective Order when it claims it "grant[s] Defendant the only say in determining which responsive material should be deemed confidential or redacted." In fact, Defendant's proposed Protective Order states the Court will do an in camera review of any challenged document(s) if a party has a good faith basis for filing such a motion. Nonetheless, because Plaintiff contends "Defendant has not made a good faith effort to negotiate the terms of the confidentiality agreement," the Court will grant the parties the opportunity to confer and make a good faith effort to negotiate the terms of a Protective Order that is acceptable to both parties. However, the Protective Order shall not contain an

"information-sharing" provision.  The parties have ten (10) days from the filing of this Memorandum Opinion and Order to submit their Protective Order.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that  Defendant's Request for Oral Argument is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Entry of Protective Order of Confidentiality is **DENIED**.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**